ORIGINAL
E-filing
FILED

JUN 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  HANSON BRIDGETT LLP
DIANE MARIE O'MALLEY - 139166
2  domalley@hansonbridgett.com
JAHMAL T. DAVIS - 191504
3  jdavis@hansonbridgett.com
425 Market Street, 26th Floor
4  San Francisco, CA 94105
Telephone:   (415) 777-3200
5  Facsimile:   (415) 541-9366

6  Attorneys for Defendant
GOLDEN GATE BRIDGE HIGHWAY AND
7  TRANSPORTATION DISTRICT

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

EMC

10          SAN FRANCISCO DIVISION

CV 08        2845

11  DOUGLAS ALARID,                          No.

12                  Plaintiff,              NOTICE OF REMOVAL OF ACTION TO
                                            FEDERAL COURT
13          v.

14  GOLDEN GATE BRIDGE HIGHWAY
AND TRANSPORTATION DISTRICT;
15  MICHAEL LOCATI; DAVID RIVERA;
KAY WITT, and DOES 1 through 50,
16  inclusive,

17                  Defendants.

18

19          TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA:

21          PLEASE TAKE NOTICE THAT Defendant GOLDEN GATE BRIDGE HIGHWAY

22  AND TRANSPORTATION DISTRICT (hereinafter "Defendant") hereby removes to this

23  Court, on the basis of federal question jurisdiction, the state court action described

24  below:

25          1.    State Court Action:  On March 28, 2008, Plaintiff DOUGLAS ALARID

26  (hereinafter "Plaintiff") commenced this action in the Superior Court for the State of

27  California, in and for the County of San Francisco, entitled *Douglas Alarid v. Golden*

28  *Gate Bridge Highway and Transportation District, et al.* , Case No. CGC-08-473761.  A

- 1 -

1    true and correct copy of the Summons and Complaint filed by Plaintiff is attached hereto

2    as **Exhibit A**;

3        2.    Timely Removal:  Defendant was served with a copy of the Summons and

4    Complaint on May 9, 2008.  A true and correct copy of the Summons served upon

5    Defendant is attached hereto as **Exhibit B**;

6        3.    Answer:  On June 6, 2008, Defendant filed an Answer to Plaintiff's

7    Complaint with the Superior Court of the State of California in and for the County of San

8    Francisco and served such Answer upon Plaintiff.  A copy of the Answer and

9    accompanying proof of service is attached hereto as **Exhibit C**;

10       4.    Jurisdiction:  This is a civil action over which this Court has original

11   jurisdiction under 28 U.S.C. §1331.  In the Complaint, Plaintiff alleges violations of the

12   Family and Medical Leave Act 29 U.S.C. §2601 (Ex. A, 9:14 - 10:22) and federal civil

13   rights statutes 42 U.S.C. §§ 1983, 1985. (16:13 - 17:13.)  Accordingly, this entire action

14   is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) and 28

15   U.S.C. § 1367.

16       5.    Venue:  Venue lies in the United States District Court for the Northern

17   District of California in that a substantial part of the alleged events or omissions on which

18   Plaintiff's claims are based occurred in San Francisco, California.  28 U.S.C. §1391(b);

19       6.    Intradistrict Assignment:  Pursuant to Civil L.R. 3-2(d), this action is proper

20   in the San Francisco Division because the action arose in the County of San Francisco;

21       7.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being

22   filed with the Clerk of the Superior Court of the State of California, County of San

23   Francisco;

24       8.    Pursuant to 28 U.S.C. §1446(d), Defendant is providing written notice to

25   Plaintiff;

26       9.    State Court Documents:  Pursuant to the provisions of 28 U.S.C. §1446(a),

27   Defendant attaches herewith, and incorporates by reference, the following documents,

28   which are all process, pleadings, and orders served on Defendant and filed in the

- 2 -

1  Superior Court of the State of California in and for the County of San Francisco prior to

2  the filing of this Notice of Removal:

3          a.     Summons and Plaintiff's Complaint: San Francisco County Superior

4  Court, Case No. CGC-08-473761 (**Exhibit A**);

5          b.     Civil Case Cover Sheet, Notice to Plaintiff of Case Management

6  Conference; Alternative Dispute Resolution (ADR) Program Information Package; [Blank

7  Form] Stipulation to Alternative Dispute Resolution; Notice regarding Judicial Mediation

8  Program: San Francisco County Superior Court, Case No. CGC-08-473761 (**Exhibit D**);

9  and;

10         c.     Defendant's Answer to Plaintiff's Complaint (**Exhibit C**).

11     10.    Service:  Written Notice and Proof of Service of the filing of this Notice of

12  Removal by Defendant has been or will be served upon all parties as required by law.

13     WHEREFORE, Defendant respectfully requests that this action now proceed

14  against Defendant in this Court as an action properly removed.

15

16  DATED:  June 6, 2008                              HANSON BRIDGETT LLP

17

18                                                    By: _____
19                                                        DIANE MARIE O'MALLEY
                                                          JAHMAL T. DAVIS
20                                                        Attorneys for Defendant
                                                          GOLDEN GATE BRIDGE HIGHWAY
21                                                        AND TRANSPORTATION DISTRICT

22

23

24

25

26

27

28

- 3 -

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                          1468441.1

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION
DISTRICT; MICHAEL LOCATI; DAVID RIVERA; KAY WITT;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
DOUGLAS ALARID

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court of California
400 McAllister Street

San Francisco, California

CASE NUMBER:
*(Número del Caso):*

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Poore, Esq., SBN 192541     (707) 763-7100
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954
DATE: MAR 2 8 2008     Gordon Park-Li     Clerk, by _____ M. RAYRAY _____, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

David M. Poore, SBN 192541
KAHN BROWN & POORE LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954
Telephone:    (707) 763-7100
Facsimile:    (707) 763-7180
dpoore@kahnbrownlaw.com

Attorneys for Plaintiff
DOUGLAS ALARID

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 2 8 2008

GORDON PARK-LI, Clerk
BY:
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

AUG 2 9 2008  9:00 AM

DEPARTMENT 212

# SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

## UNLIMITED JURISDICTION

| | |
|---|---|
| DOUGLAS ALARID,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION DISTRICT; MICHAEL LOCATI; DAVID RIVERA; KAY WITT; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **CGC-08-473761**<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF**<br><br>VIOLATIONS OF GOVERNMENT CODE SECTION 12940, *ET. SEQ.*; FAILURE TO PREVENT AND INVESTIGATE HARASSMENT; VIOLATIONS OF THE CALIFORNIA FAMILY RIGHTS ACT, GOVERNMENT CODE SECTION 12945.1, *ET. SEQ.*; VIOLATIONS OF 42 U.S.C. §§ 1981, 1983, 1985, *ET SEQ.*; VIOLATIONS OF THE CALIFORNIA CONSTITUTION; VIOLATIONS OF CALIFORNIA LABOR CODE § 233; VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215; VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT, 26 U.S.C. §§2601, *ET SEQ.*; VIOLATIONS OF CIVIL CODE SECTION 1708.8<br><br>**JURY TRIAL DEMANDED** |

BY FAX

Plaintiff DOUGLAS ALARID complains and alleges as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff DOUGLAS ALARID is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff Alarid was an employee of defendant GOLDEN

-1-

1  GATE BRIDGE HIGHWAY AND TRANSPORTATION DISTRICT ("Golden Gate Bridge" or

2  "defendant") within the meaning of California Fair Employment and Housing Act ("FEHA").

3       2.     At all relevant times, defendant Golden Gate Bridge was an employer within the

4  meaning of the California Family Rights Act ("CFRA"), and, as such, was prohibited from

5  harassing, discriminating and retaliating in employment on the basis of disability/medical

6  condition association or asserting family leave rights. Defendant was also an employer within the

7  meaning of the Family Medical Leave Act of 1993, 29 U.S.C. Sections 2601, et. seq. ("FMLA"),

8  in that it is engaged in industry affecting interstate commerce and has employed, at all relevant

9  times, over 50 employees to qualify as an employer under the FMLA

10      3.     Defendant Golden Gate Bridge, including its departments, units, and/or political

11 subdivisions, are and at all relevant times hereto, were employers operating as public entities

12 within the State of California, County of San Francisco, who regularly employed more than five

13 persons.

14      4.     Defendant Golden Gate Bridge is a county municipality located within the State of

15 California and doing business as a government entity under color of state authority and law.

16      5.     Defendant MICHAEL LOCATI ("Locati" or "defendant") is an individual whose

17 residence is located in the State of California. Defendant Locati is a supervisor and/or managerial

18 employee of the Golden Gate Bridge. For purposes of the cause of action under the Civil Rights

19 Act, defendant Locati is being sued in his individual capacity acting under color of law.

20      6.     At all relevant times herein, defendant Locati was a supervisor, manager, and/or

21 managing agent of the Golden Gate Bridge, and as such was prohibited from harassing and

22 retaliating against employees on the basis of making complaints regarding violations of the

23 California Fair Employment and Housing Act.

24      7.     Defendant DAVID RIVERA ("Rivera" or "defendant") is an individual whose

25 residence is located in the State of California. Defendant Rivera is a supervisor and/or

26 managerial employee of the Golden Gate Bridge. For purposes of the cause of action under the

27 Civil Rights Act, defendant Rivera is being sued in his individual capacity acting under color of

28 law.

-2-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    8.    At all relevant times herein, defendant Rivera was a supervisor, manager, and/or
2    managing agent of the Golden Gate Bridge, and as such was prohibited from harassing and
3    retaliating against employees on the basis of making complaints regarding violations of the
4    California Fair Employment and Housing Act.

5    9.    Defendant KAY WITT ("Witt" or "defendant") is an individual whose residence is
6    located in the State of California.  Defendant Witt is a supervisor and/or managerial employee of
7    the Golden Gate Bridge.  For purposes of the cause of action under the Civil Rights Act,
8    defendant Witt is being sued in her individual capacity acting under color of law.

9    10.    At all relevant times herein, defendant Witt was a supervisor, manager, and/or
10   managing agent of the Golden Gate Bridge, and as such was prohibited from harassing and
11   retaliating against employees on the basis of making complaints regarding violations of the
12   California Fair Employment and Housing Act.

13   11.    This Court has jurisdiction and venue over this action in that defendant Golden
14   Gate Bridge employed plaintiff within the County of San Francisco, State of California.

15   12.    Plaintiff has exhausted all administrative remedies with the Department of Fair
16   Employment and Housing ("DFEH").  Plaintiff filed a timely administrative charge with the
17   DFEH; DFEH investigated the charge for approximately one year; and plaintiff has filed this
18   action within one year of the issuance of the right-to-sue letter.

19   13.    Plaintiff does not know the true names, capacities and identities, whether
20   corporate, partnership, individual or otherwise, of defendants sued herein as DOES 1 through 50,
21   inclusive, and for this reason sues each defendant by such fictitious names in accordance with
22   Section 474 of the Code of Civil Procedure.  Plaintiff is informed and believes, and on that basis
23   alleges, that each of the fictitiously-named defendants is legally responsible for the events and
24   actions referred to in this Complaint and wrongfully caused injury and damages to plaintiff, as
25   alleged below.  Plaintiff will seek leave to amend this complaint to state these defendants' true
26   names and capacities when they are ascertained.

27   14.    Plaintiff is informed and believes, and thereby alleges that each of the defendants
28   herein were at all times relevant hereto, the agents, representatives, servants and employees of the

-3-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    remaining defendants, and were acting at least in part within the course and scope of such

2    relationship, and that the wrongful acts alleged herein were committed by such defendants, and

3    each of them. Furthermore, plaintiff is informed and believes that defendants were, at all relevant

4    times, one integrated enterprise and/or employer for purposes of FEHA.

5

6                                    **FACTUAL BACKGROUND**

7          15.      Plaintiff Alarid is a former employee of defendant Golden Gate Bridge. At all

8    relevant times, plaintiff was a Hispanic male that associated with a family member who suffers

9    from a disability and/or medical condition, including requesting medical leave to care for that

10   family member. As such, plaintiff was a member of a protected category for purposes of FEHA.

11         16.      On or about November 7, 2002, plaintiff was hired as a Bridge Patrol Officer, a

12   law enforcement position, for the Golden Gate Bridge. At the time that plaintiff began his

13   employment and throughout his employment at the Golden Gate Bridge, plaintiff was qualified to

14   work in this law enforcement position. Throughout his employment with the Golden Gate

15   Bridge, plaintiff diligently and competently performed his duties, and received pay increases in

16   accordance with his performance. Plaintiff further received consistent praise regarding his

17   abilities and skill level, and was provided with excellent evaluations for his performance.

18         17.      On or about January 20, 2005, plaintiff applied for a promotion to the position of

19   Bridge Sergeant, a supervisory title at the Golden Gate Bridge District. Plaintiff met the

20   qualifications for promotion, and was eventually forwarded to the final oral board for a panel

21   interview.

22         18.      Once plaintiff arrived at the panel interview for promotion, he noticed that

23   defendant Locati's wife, Lisa Locati, was a member of the oral board. Plaintiff believed that this

24   assignment may have been improper because plaintiff had previously been involved in an internal

25   grievance and complaint regarding defendant Locati. During the oral board, it was obvious that

26   defendant Locati's wife was not neutral and unbiased. Instead, throughout the oral board,

27   defendant Locati's wife consistently made inappropriate and demeaning remarks and comments

28   towards plaintiff in an attempt to prevent him from obtaining a promotion. Plaintiff is informed

                                              -4-

1  and believes that defendants placed Mrs. Locati on the oral board for the purposes of denying

2  plaintiff's promotion.

3      19.   In late-February and March 2005, plaintiff filed an internal complaint with

4  defendants requesting that defendant Locati's wife be removed from the oral board, and that any

5  oral board results be invalidated.

6      20.   Defendants ignored plaintiff's concerns, and, instead, engaged in repeated acts of

7  retaliation and harassment towards plaintiff based upon his complaints and his race and/or

8  national origin. Moreover, defendants failed to reasonably investigate plaintiff's complaint, and,

9  instead, allowed the harassing conduct to continue. As a result, plaintiff was denied the

10  promotion, and was not provided with a promotion board that was fair and impartial.

11      21.   On or about April 15, 2005, after becoming a qualified employee under the FMLA

12  and/or CFRA, plaintiff applied for the FMLA and/or CFRA leave on an intermittent basis to care

13  for his elderly mother. Plaintiff provided defendants with adequate and reasonable written and

14  verbal notice of the need to take FMLA and/or CFRA leave on an intermittent basis. Plaintiff's

15  mother was suffering from heart disease and kidney failure, and required hospitalization for heart

16  surgery, heart bypass, and a kidney transplant, that required plaintiff's assistance on an

17  intermittent basis for basic care and treatment with daily life activities. Plaintiff's mother was

18  under the continuous treatment or supervision of a health care provider. As a result, plaintiff's

19  mother had a chronic serious health condition that qualified plaintiff as an eligible employee for

20  purposes of the FMLA and/or CFRA.

21      22.   Plaintiff's mother further suffered from a disability and/or medical condition that

22  substantially limited her daily life activities. Plaintiff's mother's disability and medical condition

23  required reasonable accommodations for leave requests so that plaintiff could adequately care for

24  his elderly mother.

25      23.   Plaintiff's mother's treating physician completed the necessary paperwork for

26  FMLA and/or CFRA leave, and placed plaintiff on intermittent leave until March 31, 2006.

27  During this period of leave, plaintiff was authorized to take increments of leave throughout the

28  work-week to care for his mother.

-5-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

24.     Once defendants became aware of plaintiff's mother's disability and medical condition, including his request for intermittent FMLA and/or CFRA leave, defendants engaged in a campaign of harassment, retaliation, interference, and discrimination as a direct result of these protected categories, and defendants began to look for any reason however slight to target plaintiff's employment with the goal of supporting discipline and termination.

25.     From approximately April 2005, and continuing up until the date of plaintiff's termination on or about March 30, 2006, defendants subjected plaintiff to discrimination, harassment, retaliation, and unequal treatment in the workplace on the basis that plaintiff's mother had a serious medical condition and disability/medical condition and plaintiff requested family and medical leave in accordance with the federal and state laws. Defendants further engaged in a pattern and practice of interfering with, restraining, and arbitrarily denying plaintiff and other similarly situated employees family medical leave rights, including but not limited to: (1) treating employees that asserted family medical leave rights differently in the workplace; (2) providing different levels of discipline for employees that asserted family medical leave rights; (3) arbitrarily changing the employees' work schedule or amount of hours worked in a week to adversely impact the calculation for medical leave; (4) falsely informing plaintiff that he had exceeded his allowable family medical leave or that he needed to "re-certify" for leave; (5) engaging in stereotypical comments and attitudes towards plaintiff and other similarly situated employees who took medical and family leave; (6) refusing to provide or providing misleading FMLA information; (7) wrongfully denying medical leave despite the fact that plaintiff and other similarly situated employees were qualified and eligible for continued leave; (8) wrongfully inform plaintiff of his status regarding his recertification requirements under the FMLA and/or CFRA; (9) treating plaintiff and other similarly situated employees in a hostile and rude manner for taking medical leave; (10) mischaracterizing FMLA and/or CFRA leave; (11) making improper and demeaning comments, slurs, and remarks concerning medical leave; and (12) engaging in a pattern and practice of interfering with plaintiff and other similarly situated employees' rights to FMLA and/or CFRA leave. Defendant Golden Gate Bridge also changed its FMLA policy without any notice to plaintiff and other similarly situated employees.

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

26.    During this time, defendants further discriminated, harassed, and retaliated against plaintiff based upon his national origin and race, including creating a hostile work environment based upon the fact that plaintiff was a Hispanic worker.

27.    Moreover, during this period of time, plaintiff requested that defendants allow him to work an outside and separate part-time job as a federal police officer to supplement his income so that he could adequately care for his mother's financial and medical needs.

28.    In or about late-December 2005 and January 2006, plaintiff's mother's medical condition began to significantly deteriorate.  Plaintiff was required to take more intermittent family medical leave during this period of time to care for his mother.

29.    Plaintiff's need to take additional and legally permissible intermittent leave was met with hostility by defendants.  In early-January 2006, defendants immediately placed plaintiff on an improper "sick leave" disciplinary program that directly affected his rights to FMLA and/or CFRA leave.

30.    On or about January 29, 2006, plaintiff requested the reasonable accommodation of a "shift exchange" with another patrol officer so that he could care for his mother.  The other officer was agreeable to the shift exchange, and engaging in shift exchanges was a common custom and practice at the Golden Gate Bridge District.

31.    Plaintiff's request for reasonable accommodations was also met with hostility, and was unilaterally denied without any reasonable explanation.  Defendants refused to reasonably accommodate plaintiff's request, and further failed to engage in the good faith interactive process to determine the reasonableness of the requested accommodations, including what accommodations were appropriate under the circumstances.  Instead, defendants continued to harass, discriminate, and retaliate against plaintiff based upon his requests for leave and accommodations.

32.    During this period of time, plaintiff continued to make internal complaints concerning defendants' improper actions, but defendants refused to investigate the complaints, and, instead, engaged in adverse actions towards plaintiff based upon his protected requests.

-7-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

33.     Moreover, when defendants became aware of plaintiff's internal complaints, the harassment, discrimination, interference, and retaliation intensified and became worse, including but not limited to (1) wrongfully disciplining plaintiff; (2) providing plaintiff with negative work evaluations; (3) providing plaintiff with a verbal admonition for petty and untrue allegations; (4) interfering with plaintiff's use of sick leave and family-medical leave; (5) openly criticizing plaintiff for using authorized sick leave; (6) ignoring plaintiff's mother's doctor's recommendations; (7) targeting plaintiff's employment for "disciplinary action" and "termination"; (8) harassing and criticizing plaintiff on a daily basis; (9) targeting and monitoring plaintiff's employment in an attempt to create a record for termination; (10) making comments, slurs, and remarks; (11)  treating plaintiff differently than similarly situated employees based upon association-related disability, medical condition, and asserting family-medical leave rights; and (12) retaliating against plaintiff for using permissible and allotted sick leave compensation time, and requesting reasonable accommodations.

34.     Furthermore, after plaintiff made internal complaints regarding his FMLA and/or CFRA leave, defendants began looking for any reason to target and terminate plaintiff's employment.  In January and February 2006, defendants hired several unknown private investigation firms to "follow" plaintiff and conduct "surveillance activities" of plaintiff in an attempt to target his employment.  In particular, even though plaintiff had previously advised defendant's of his part-time employment (in which plaintiff was not eligible for FMLA and/or CFRA), defendants instructed their "private investigators" to monitor plaintiff at his outside employment in an attempt to support a case of FMLA "abuse."

35.     During this time, defendants retained, directed, solicited, induced, and/or caused several unknown private investigators to conduct surveillance of plaintiff and his mother without any probable cause, reasonable or articulable suspicion, or any other reasonable basis.  During the course of this investigation, defendants violated plaintiff's right of privacy and captured visual images of plaintiff inside his house, his mother's house, and other locations in which he had a reasonable expectation of privacy.  Defendants' invasion of privacy was offensive to a reasonable person in light of plaintiff's circumstances, and was intended to capture plaintiff in engaging in

-8-

1   personal or familial activity that had nothing whatsoever to do with plaintiff's employment with

2   Golden Gate Bridge.

3       36.    Defendants' surveillance confirmed what they already knew:  plaintiff was

4   working a part-time job to supplement his income, and plaintiff spent a considerable amount of

5   time caring for his mother.

6       37.    On or about March 30, 2006, defendants terminated plaintiff's employment

7   without any adequate or reasonable due process hearing as a direct result of plaintiff's protected

8   categories identified above.  Defendants further terminated plaintiff's employment based upon

9   false, inaccurate, and misleading reasons, including FMLA "abuse" and working in an "outside

10  employment" situation without authorization.  Plaintiff's termination was discriminatory and also

11  in direct retaliation for her previous complaints of discrimination, harassment, retaliation, and

12  unequal treatment in the workplace.

13

14                          **FIRST CAUSE OF ACTION**

15                      (Violations of the FMLA— All defendants)

16      38.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 of this

17  Complaint as though fully set forth herein.

18      39.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 28 of this

19  Complaint as though fully set forth herein.

20      40.    Plaintiff was an eligible employee for purposes of the FMLA.

21      41.    Plaintiff's mother suffered from a serious medical condition.

22      42.    Plaintiff was initially approved for family medical leave under the FMLA by

23  defendants for plaintiff's mother's serious medical condition.

24      43.    Family Medical Leave Act of 1993, 29 U.S.C. Sections 2601, et. seq. prohibits

25  defendants from interfering, restraining, discriminating or retaliating against an employee for

26  exercising family medical leave rights, or denying an eligible employee's family medical leave.

27  The FMLA further prohibits an employer from changing its FMLA policies without providing

28  reasonable notice to the affected employees.

                                    -9-

44.     In acting above, defendants violated the FMLA with regard to plaintiff when it discriminated against plaintiff for asserting rights under the FMLA, retaliated against plaintiff in taking adverse employment actions for plaintiff's exercise of rights under the FMLA,  interfered with plaintiff's family medical leave, restrained plaintiff's family medical leave, denied plaintiff's legitimate family medical leave, and ultimately terminated plaintiff's employment while plaintiff was on FMLA leave and in direct retaliation for plaintiff exercising his rights under the FMLA and making internal complaints of FMLA violations.

45.     Defendant Golden Gate Bridge further violated the FMLA when it changed its FMLA policies and procedures without providing any reasonable notice to plaintiff and other similarly situated employees.

46.     In acting above, defendant Golden Gate Bridge has a pattern and practice of violating the FMLA.  Defendant maintains a pattern and practice of: (1) retaliating against employees who exercise their rights under the FMLA; (2) interfering with affected employees' rights under the FMLA; (3) changing the FMLA policies and procedures; and (4) discriminating against employees who have asserted rights under the FMLA.

47.     As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, lost wages and benefits, future wage loss, other compensation loss, and attorney's fees and costs.

48.     As a further direct and proximate result of defendants' conduct, plaintiff seeks interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other relief that the Court deems fair and just.

**SECOND CAUSE OF ACTION**

(Medical Condition/Disability Association Discrimination – FEHA – Defendant Golden Gate Bridge only)

49.     Plaintiff realleges and incorporate by reference Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

-10-
COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    50.    California Government Code §§ 12926(m) and 12940, et. seq., provide that it is an

2    unlawful employment practice for an employer to discriminate in the terms and conditions of

3    employment on the basis of a medical condition/disability association or perceived association.

4    51.    Defendant violated Government Code § 12940, et. seq. with regard to plaintiff

5    when it discriminated against plaintiff on the basis of his association with a person that has a

6    disability and/or medical condition, and terminated plaintiff's employment, and/or took other

7    adverse employment actions against Plaintiff as a result of plaintiff's association or perceived

8    association with a person that is a member of a protected category under FEHA, including the

9    failure to make reasonable accommodations.

10    52.    Defendant's conduct toward plaintiff as alleged above, constitutes an unlawful

11    employment practice in violation of California Government Code § 12940.

12    53.    As a direct and proximate result of defendant's conduct, plaintiff has suffered loss

13    of employment, indignity, great humiliation and emotional distress manifesting in physical

14    symptoms.

15    54.    Defendant's actions have caused and continue to cause plaintiff substantial losses

16    in earnings, significant reputation and professional injury, loss of promotional opportunities and

17    other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

18    benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

19    according to proof.

20    **THIRD CAUSE OF ACTION**

21    (Medical Condition/Disability Association Harassment – FEHA –All Defendants)

22    55.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 of this

23    Complaint as though fully set forth herein.

24    56.    California Government Code §§ 12926(m) and 12940(j) provide that it is an

25    unlawful employment practice for an employer, supervisor, or any employee to harass any person

26    on the basis of association or perceived association with a person that is a member of a protected

27    category under FEHA.

28

-11-

1     57.    Defendants violated Government Code § 12940(j) with regard to plaintiff when

2    they engaged in severe and pervasive conduct towards plaintiff, created a hostile work

3    environment for plaintiff, and harassed plaintiff in the workplace on the basis of his association or

4    perceived association with his spouse, a person with a disability and medical condition as defined

5    under FEHA.

6     58.    Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful

7    employment practice in violation of California Government Code § 12940.

8     59.    As a direct and proximate result of defendants' harassing conduct, plaintiff has

9    suffered loss of employment, indignity, great humiliation and emotional distress manifesting in

10    physical symptoms.

11     60.    Defendants' actions have caused and continue to cause plaintiff substantial losses

12    in earnings, significant reputation and professional injury, loss of promotional opportunities and

13    other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

14    benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount

15    according to proof.

16     61.    The acts of the individual defendants only as alleged herein, were intentional,

17    outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff

18    and to cause plaintiff mental anguish, anxiety, and distress. The acts of the corporate defendant

19    were further committed by managing agents, officers, or directors of the defendant, or ratified by

20    the defendant at a corporate level. The defendants' acts were done in conscious disregard of the

21    risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting

22    oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive

23    damages as to all individual defendants.

24    ///

25    ///

26    ///

27    ///

28    ///

# FOURTH CAUSE OF ACTION

(Medical Condition/Disability Association Retaliation – FEHA – Defendant Golden Gate Bridge Only)

62.     Plaintiff realleges and incorporate by reference Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63.     California Government Code §§ 12926(m) and 12940(h) provides that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing an unlawful employment practice or filing a complaint of discrimination or harassment.

64.     Defendants violated Government Code § 12940 with regard to Plaintiff when they involuntarily transferred, demoted, denied promotional opportunities, conducted inappropriate discipline and other adverse employment actions, and then ultimately terminated plaintiff' employment as a result of making complaints to defendants of discrimination, retaliation, unequal treatment, and harassment in the workplace and then requesting that an immediate investigation and remedial measures be taken.

65.     Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

66.     As a direct and proximate result of defendants' retaliatory conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

67.     Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

-13-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

(Medical Leave Discrimination – CRFA – Defendant Golden Gate Bridge only)

68.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69.    California Government Code § 12945.1, et. seq., provide that it is an unlawful employment practice for an employer to discriminate in the terms and conditions of employment on the basis of asserting family medical leave rights under the California Family Rights Act.

70.    Defendant violated Government Code § 12945.1, et. seq. with regard to plaintiff when it discriminated against plaintiff on the basis of his assertion of rights under the CFRA, and terminated plaintiff's employment, and/or took other adverse employment actions against plaintiff, including reasonable accomodations.

71.    Defendant's conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12945.2.

72.    As a direct and proximate result of defendant's conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

73.    Defendant's actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

**SIXTH CAUSE OF ACTION**

(Medical Leave Retaliation – CFRA –Defendant Golden Gate Bridge only)

74.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 73 of this Complaint as though fully set forth herein.

75.    California Government Code § 12945.2 provides that it is an unlawful employment practice for an employer to retaliate against an employee for opposing an unlawful employment practice or filing a complaint of relating to assertion of rights under the CFRA.

-14-

1    76.    Defendants violated Government Code § 12945.2 with regard to plaintiff when

2  they denied promotional opportunities, conducted inappropriate discipline and other adverse

3  employment actions, and then ultimately terminated plaintiff' employment as a result of making

4.  complaints to defendants of violations of the CFRA in the workplace and then requesting that an

5  immediate investigation and remedial measures be taken.

6    77.    Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful

7  employment practice in violation of California Government Code § 12945.2.

8    78.    As a direct and proximate result of defendants' retaliatory conduct, plaintiff has

9  suffered loss of employment, indignity, great humiliation and emotional distress manifesting in

10  physical symptoms.

11    79.    Defendants' actions have caused and continue to cause plaintiff substantial losses

12  in earnings, significant reputation and professional injury, loss of promotional opportunities and

13  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

14  benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount

15  according to proof.

16                        **SEVENTH CAUSE OF ACTION**

17                    (Failure to Prevent Discrimination – Defendant SCOE)

18    80.    Plaintiff incorporates herein by reference all of the allegations contained in

19  paragraphs 1 through 79 of this complaint as fully set forth herein.

20    81.    California Government Code § 12940(k) et seq., provide that it is an unlawful

21  employment practice for an employer to fail to take all reasonable steps necessary to prevent

22  discrimination, retaliation, and harassment from occurring in the workplace.

23    82.    Defendant violated Government Code § 12940 et seq., with regard to when

24  defendants knowingly and recklessly created a hostile work environment for plaintiff, failed to

25  conduct reasonable and impartial investigations when plaintiff complained about discriminatory

26  conduct on the part of supervisors and management, and failed to take reasonable steps necessary

27  to investigate the misconduct and prevent it from occurring and continuing.

28

-15-
COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

83. Defendant's conduct toward plaintiff and other similarly situated employees as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

84. As a direct and proximate result of defendant's conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

85. Defendant's actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

**EIGHTH CAUSE OF ACTION**

(Violations of Civil Rights Laws – All Defendants)

86. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 85 of this Complaint as fully set forth herein.

87. Defendants actions and failures as alleged above constitute a pattern and practice of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983, 1985. Defendants while acting under color of state authority and law wrongfully and intentionally discriminated against and retaliated against plaintiff because of his protected categories, including race, national origin, association disability and medical condition thus treating plaintiff in an unequal manner without any rational or legitimate basis. Defendants' conduct, as set forth above, constitutes violations, under color of law, of plaintiff's rights, privileges, and immunities guaranteed to him by the First Amendment of the United States Constitution rights of free speech and to petition the government for redress of grievances, the equal protection clause of the United States Constitution, and the due process clause of the Fourteenth Amendment of the United States Constitution. Moreover, as set forth above, plaintiff was denied both substantive and procedural due process prior to his termination as a public employee because defendants failed to provide

-16-

1  plaintiff with a hearing and/or opportunity to be heard prior to his termination thus depriving

2  plaintiff of liberty and property rights.

3       88.    Defendants' actions have caused and continue to cause plaintiff substantial losses

4  in earnings, significant reputation and professional injury, loss of promotional opportunities and

5  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

6  benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

7  according to proof.

8       89.    As to the individual defendants only, the acts of this defendant as alleged herein,

9  was intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent

10  to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. Defendant's acts

11  were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the

12  intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code

13  §3294, entitling Plaintiff to punitive damages against these defendant only.

14

15  **NINTH CAUSE OF ACTION**

16  (Violations of the California Constitution, Art. I – Defendant Golden Gate Only)

17       90.    Plaintiff incorporates herein by reference all the allegations contained in

18  paragraphs 1 through 89 of this complaint as fully set forth herein.

19       91.    The California Constitution, Article I, Section 7, provides that a public entity may

20  not deprive a person of a property or liberty interest without due process of law. The California

21  Constitution further protects plaintiff's freedom of speech, equal protection, and right of privacy

22       92.    In acting herein, defendant violated plaintiff's property and liberty due process

23  rights in failing to provide plaintiff with adequate procedural and substantive due process prior to

24  engaging in adverse employment actions against plaintiff and terminating plaintiff's employment,

25  and violated plaintiff's constitutional rights of privacy, equal protection, and free speech.

26       93.    As a result of defendant's actions, plaintiff seeks equitable and injunctive relief,

27  including but not limited to reinstatement and back-pay, and any other damages according to

28  proof.

-17-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1

2                                    **TENTH CAUSE OF ACTION**

3              (Violations of the California Labor Code § 233 – Defendant Golden Gate Only)

4              94.     Plaintiff incorporates herein by reference all the allegations contained in

5     paragraphs 1 through 93 of this complaint as fully set forth herein.

6              95.     California Labor Code § 233 prohibits an employer from using permissible sick

7     leave as a basis to discipline an employee, and discriminating or retaliating against an employee

8     that asserts his or her rights to use allotted sick leave.

9              96.     In acting above, defendant violated California Labor Code § 233 when it

10    discriminated, retaliated, disciplined, and took adverse employment actions against plaintiff for

11    using his authorized sick leave.

12             97.     Defendants' actions have caused and continue to cause plaintiff substantial losses

13    in earnings, significant reputation and professional injury, loss of promotional opportunities and

14    other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

15    benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

16    according to proof.

17

18                                  **ELEVENTH CAUSE OF ACTION**

19              (Violations of the Labor Code § 215 – Defendant Golden Gate Bridge)

20             98.     Plaintiff incorporates herein by reference all the allegations contained in

21    paragraphs 1 through 97of this complaint as fully set forth herein.

22             99.     The Fair Labor Standards Act, Labor Code § 215 prohibits an employer from

23    discriminating or retaliating against an employee that files an internal complaint with the

24    employer regarding violations of the compensation statutes, including the assertion of sick leave

25    compensation.

26             100.    In acting above, defendant violated Labor Code § 215 when it discriminated,

27    retaliated, disciplined, and took adverse employment actions against plaintiff for filing an internal

28    complaint regarding defendants' interference with her allotted sick leave compensation.

-18-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

101.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

## TWELFTH CAUSE OF ACTION

(Violations of Civil Code Section 1708.8 – All Defendants)

102.    Plaintiff incorporates herein by reference all the allegations contained in paragraphs 1 through 101 of this complaint as fully set forth herein.

103.    Defendants violated Civil Code Section 1708.8 when they improperly placed plaintiff under surveillance and violated his right of privacy.

104.    Defendants caused plaintiff damages in accordance with proof at trial.

105.    As to the individual defendants only, the acts of this defendant as alleged herein, was intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. Defendant's acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these defendant only.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For prejudgment interest in an amount according to proof;

4. For injunctive relief or other equitable relief according to proof,

5. For reasonable attorney's fees and cost of suit therein;

6. For punitive damages against individual defendants only;

7. For statutory penalties and any other statutory relief;

-19-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    8. For such other and further relief as the court may deem proper.

2    9. **Plaintiff hereby demands a trial by jury**.

3

4    Dated:  March 28, 2008                    KAHN BROWN & POORE LLP

5

6                                              By:_____

7                                                  David M. Poore
                                                  Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-

**EXHIBIT  B**

05/07/2008  12:41    7077637180                    KBP SONOMA                              PAGE  01/01

## SUMM_NS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION
DISTRICT; MICHAEL LOCATI; DAVID RIVERA; KAY WITT;
and DOES 1 through 50, inclusive

GORDEN GATE BRIDGE
TRANS...        *FOR COURT USE ONLY*
                *(SOLO PARA USO DE LA CORTE)*

2008 MAY -9  PM 4:30

SECRETARY OF
THE DISTRICT
Hand Delivered

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOUGLAS ALARID

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court of California
400 McAllister Street

San Francisco, California

CASE NUMBER:
*(número del Caso):*  CGC-08-47376I

BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Poore, Esq., SBN 192541                        (707) 763-7100
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California  94954                    M. RAYRAY

DATE:  MAR 2 8 2008  Gordon Park-Li   Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Golden Gate Bridge Highway and Transportation District

   under:  [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [X] other *(specify):* BUSINESS ORGANIZATION FORM UNKNOWN
4. [ ] by personal delivery on *(date):*                                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)                    SUMMONS                    Code of Civil Procedure §§ 412.20, 465

Solutions
Co Plus
116A37817.tif - 5/7/2008 1:41:06 PM

**EXHIBIT  C**

1  HANSON BRIDGETT LLP
   DIANE MARIE O'MALLEY - 139166
2  domalley@hansonbridgett.com
   JAHMAL T. DAVIS - 191504
3  jdavis@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA 94105
   Telephone:   (415) 777-3200
5  Facsimile:   (415) 541-9366

6  Attorneys for Defendant
   GOLDEN GATE BRIDGE HIGHWAY AND
7  TRANSPORTATION DISTRICT

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUN 0 6 2008

GORDON PARK-LI, Clerk
BY:   MARY ANN MORAN
                    Deputy Clerk

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

9                              UNLIMITED JURISDICTION

10  DOUGLAS ALARID,                          No. CGC-08-473761

11           Plaintiff,                      **DEFENDANT GOLDEN GATE BRIDGE
                                             HIGHWAY AND TRANSPORTATION
12      v.                                   DISTRICT'S ANSWER AND
                                             AFFIRMATIVE DEFENSES TO
13  GOLDEN GATE BRIDGE HIGHWAY               PLAINTIFF'S COMPLAINT**
    AND TRANSPORTATION DISTRICT;
14  MICHAEL LOCATI; DAVID RIVERA;
    KAY WITT, and DOES 1 through 50,
15  inclusive,

16           Defendants.

17

18      Defendant GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION

19  DISTRICT ("Defendant"), by its attorneys Hanson Bridgett LLP, answer Plaintiff Douglas

20  Alarid's ("Plaintiff") unverified Complaint as follows:

21                              **GENERAL DENIAL**

22      1.      Defendant, pursuant to California Code of Civil Procedure, Section

23  431.30(d), generally denies and places at issue each and every material allegation

24  contained in Plaintiff's unverified Complaint and denies that Plaintiff has suffered any

25  damage in the manner alleged or in any amount as a result of the alleged acts or

26  omissions of Defendant.

27  / / /

28  / / /

                                    - 1 -
    DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
    UNVERIFIED COMPLAINT                                              1485032.1

1    **AFFIRMATIVE DEFENSES**

2        Defendant hereby asserts the following affirmative defenses to Plaintiff's

3    unverified Complaint:

4        **FIRST AFFIRMATIVE DEFENSE**

5        As a first and separate affirmative defense, Defendant asserts that neither the

6    Complaint nor any purported cause of action alleged therein states facts sufficient to

7    constitute a cause of action against it.

8        **SECOND AFFIRMATIVE DEFENSE**

9        As a second and separate affirmative defense, Plaintiff's causes of action are

10    barred in whole or in part to the extent that Plaintiff has failed to exhaust his

11    administrative remedies pursuant to the California Fair Employment and Housing Act

12    and the California Labor Code.

13        **THIRD AFFIRMATIVE DEFENSE**

14        As a third and separate affirmative defense, Defendant asserts that to the extent

15    that Plaintiff alleges or relies upon acts or omissions occurring more than one year

16    before the filing of his complaint with the California Department of Fair Employment and

17    Housing, if any, Plaintiff's claims based on such conduct are barred.

18        **FOURTH AFFIRMATIVE DEFENSE**

19        As a fourth and separate affirmative defense, Defendant asserts that the alleged

20    conduct of which Plaintiff complains was based on one or more legitimate, non-

21    discriminatory and non-retaliatory business reasons.

22        **FIFTH AFFIRMATIVE DEFENSE**

23        As a fifth and separate affirmative defense, Defendant alleges that Plaintiff's

24    causes of action for discrimination are barred, in whole or in part, because Defendant

25    would have made the same employment decisions concerning Plaintiff absent any

26    discriminatory or retaliatory motive.

27    / / /

28    / / /

- 2 -

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
UNVERIFIED COMPLAINT                                              1485032.1

1

## SIXTH AFFIRMATIVE DEFENSE

2      As a sixth and separate affirmative defense, Plaintiff's causes of action are barred

3  in whole or in part by the applicable statutes of limitation, including but not limited to, Cal.

4  Code of Civ. Proc. §§ 335.1 and 338, Cal. Govt. Code §12965(b), U.S.C. §§255(a) and

5  2617(c)(1) and 42 U.S.C. §1988.

6

## SEVENTH AFFIRMATIVE DEFENSE

7      As a seventh and separate affirmative defense, Defendant alleges that its actions

8  about which Plaintiff complains were undertaken in good faith in compliance with

9  applicable federal, state, administrative, and local laws and regulations governing

10  Defendant's operations.

11

## EIGHTH AFFIRMATIVE DEFENSE

12      As an eighth and separate affirmative defense, Defendant alleges on information

13  and belief that Plaintiff has failed to make reasonable efforts to mitigate his damages, if

14  any.

15

## NINTH AFFIRMATIVE DEFENSE

16      As a ninth and separate affirmative defense, Defendant alleges that Plaintiff's

17  causes of action are barred by the equitable doctrines of laches and unclean hands.

18

## TENTH AFFIRMATIVE DEFENSE

19      As a tenth and separate affirmative defense, Defendant alleges that Plaintiff's

20  causes of action are barred by the equitable doctrines of waiver and estoppel.

21

## ELEVENTH AFFIRMATIVE DEFENSE

22      As an eleventh and separate affirmative defense, Defendant asserts that, to the

23  extent that Plaintiff may seek punitive damages against Defendant, pursuant to

24  California Government Code §818, Plaintiff is barred from recovering punitive damages

25  against a public entity, such as Defendant, a public entity created by the California

26  Streets and Highways Code Section 27500, et seq.

27  / / /

28  / / /

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
UNVERIFIED COMPLAINT

1485032.1

1

## TWELFTH AFFIRMATIVE DEFENSE

2    As a twelfth and separate affirmative defense, Defendant asserts that Plaintiff has

3    failed to allege that he suffered from a disability, or that Defednat perceived him to have

4    a disability,  and, therefore, Defendant was under no duty to provide any

5    accommodation.  Defendant further alleges that Plaintiff submitted a request for

6    intermittent leave, which was granted by Defendant.

7

## THIRTEENTH AFFIRMATIVE DEFENSE

8    As a thirteenth and separate affirmative defense, to the extent that Plaintiff alleges

9    that he requested and was denied, a reasonable accommodation, Defendant alleges

10    that it is under no duty to accommodate Plaintiff – who was not a qualified individual with

11    a disability or regarded as having a disability - and further Defendant was, thus,  under

12    no duty to engage in an interactive process. In any event, the alleged reasonable

13    accommodation of a shift exchange would impose an undue hardship on Defendant and

14    the operation of its business. Defendant did authorize intermittent leave.

15

## FOURTEENTH AFFIRMATIVE DEFENSE

16    As a fourteenth and separate affirmative defense, Defendant alleges it has

17    satisfied the conditions of California Labor Code Section 3706, and that, to the extent

18    that Plaintiff's Complaint alleges injuries subject to recovery thereunder, Plaintiff's claims

19    are barred by the exclusive remedial provisions of California Labor Code Section 3600,

20    *et seq.*

21

## FIFTEENTH AFFIRMATIVE DEFENSE

22    As a fifteenth and separate affirmative defense, Defendant alleges that Plaintiff's

23    causes of action are barred, in whole or in part, by his failure to exhaust remedies under

24    the Memorandum of Understanding between his union and Defendant.

25

## SIXTEENTH AFFIRMATIVE DEFENSE

26    As a sixteenth and separate affirmative defense, Defendant alleges that Plaintiff is

27    precluded from recovery of any damages under the avoidable consequences doctrine to

28    the extent that Plaintiff unreasonably failed to use the complaint procedure or any other

- 4 -

1  preventive and corrective measures that Defendant provided to its employees to prevent

2  and correct workplace harassment, which would have prevented any alleged harm.

3  ### SEVENTEENTH AFFIRMATIVE DEFENSE

4  As a seventeenth and separate affirmative defense, Defendant asserts that

5  Plaintiff unreasonably failed to complain or otherwise report any alleged harassment or

6  other allegedly improper conduct, and Defendant actions were in accordance with its

7  policies and procedures and the applicable law.

8  ### EIGHTEENTH AFFIRMATIVE DEFENSE

9  As an eighteenth and separate affirmative defense, Defendant alleges that its

10  actions were taken as a result of the honest belief that Plaintiff misused his leave rights

11  under the Family And Medical Leave Act and/or the California Family Rights Act.

12  ### NINETEENTH AFFIRMATIVE DEFENSE

13  As a nineteenth and separate affirmative defense, Defendant asserts that any

14  alleged surveillance of Plaintiff was conducted in the course and scope of Plaintiff's

15  employment, was supported by an articulable suspicion, was for the lawful purpose of

16  obtaining evidence of Plaintiff's suspected fraudulent conduct, and was consistent with

17  the provisions of Cal. Civil Code §1708.8(g).

18  ### TWENTIETH AFFIRMATIVE DEFENSE

19  As a twentieth and separate affirmative defense, Defendant alleges that Plaintiff's

20  Complaint, and the purported causes of action thereof, are barred to the extent that

21  Plaintiff failed to file a government tort claim as required by the California Government

22  Code and/or failed to alleged compliance with government tort claim procedures.

23  Government Code § 905 et seq.

24  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

25  As a twenty-first and separate affirmative defense, Plaintiff's causes of action are

26  barred to the extent each relies upon conduct for which Defendant has immunity

27  pursuant to California Government Code §§815, et seq. and under applicable federal law

28  governing immunity from suits brought pursuant to 42 U.S.C.§§ 1981, et seq.

- 5 -

1

## TWENTY- SECOND AFFIRMATIVE DEFENSE

2       As a twenty-second and separate affirmative defense, Plaintiff's cause of action

3  for violation of civil rights is barred as Plaintiff was given a full hearing and an opportunity

4  to be heard prior to his termination, and was otherwise allowed to exercise complete

5  substantive and procedural due process.

6       WHEREFORE, Defendant prays as follows:

7       1.     That Plaintiff take nothing by this action;

8       2.     That judgment be entered in Defendant's favor;

9       3.     That Defendant recovers its costs and attorneys' fees in this proceeding;

10  and

11      4.     That the Court grant such other relief as it deems appropriate.

12  DATED: June  6 , 2008                    HANSON BRIDGETT LLP

13

14                                          By: _____

15                                          DIANE MARIE O'MALLEY
                                            JAHMAL T. DAVIS
16                                          Attorneys for Defendant
                                            GOLDEN GATE BRIDGE HIGHWAY
17                                          AND TRANSPORTATION DISTRICT

18

19

20

21

22

23

24

25

26

27

28

- 6 -

1

## PROOF OF SERVICE

2

I, Adiam Gebremicael, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Alarid v. Golden Gate Bridge Highway and Transportation District, et al., San Francisco Superior Court, Case #CGC-08-473761*; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On June 6, 2008, I served a true and accurate copy of the document(s) entitled:

3

4

5

**DEFENDANT GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION DISTRICT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

6

7

in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

8

9

David M. Poore, Esq.
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954

10

11

☒    (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor., San Francisco, CA 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

12

13

14

15

16

17

☐    (By Overnight Federal Express pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with instructions to our Mailroom that the packages were to be picked up by Federal Express for overnight delivery.

18

19

20

☐    (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via UPS to the party(ies) so designated on the service list.

21

22

☐    (By Telecopy Fax pursuant to Code of Civil Procedures section 1013.) I am readily familiar with Hanson Bridgett's practice for processing of documents via Telefax. Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful.

23

24

25

26

27

28

- 1 -

1485066.1

1      ☐    **(BY E-MAIL)** I am readily familiar with Hanson Bridgett's practice for processing of

2              documents via electronic mail (E-Mail). Following these ordinary business practices,

             I personally e-mailed a copy of each document to each of the parties listed on the

3              above-referenced service list by sending the documents directly to them at their e-

             mail addresses listed above.

4

5        I declare under penalty of perjury under the laws of the State of California that the above

is true and correct and was executed on June 6, 2008 in San Francisco, California.

6

7

8                                  A. Adiam Gebremicael

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE RE GGB ANSWER TO COMPLAINT                  1485066.1

**EXHIBIT D**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David M. Poore, Esq., SBN 192541<br>Kahn Brown & Poore LLP<br>755 Baywood Drive, Suite 185<br>Suite 185<br>Petaluma, California 94954 | **F I L E D**<br>Superior Court of California<br>County of San Francisco |
| TELEPHONE NO.: (707) 763-7100   FAX NO.: | MAR 2 8 2008 |
| ATTORNEY FOR (Name): Plaintiff DOUGLAS ALARID | GORDON PARK-LI, Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | BY: _____ |
| STREET ADDRESS: 400 McAllister Street | Deputy Clerk |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Francisco, California | |
| BRANCH NAME: | |

| CASE NAME: Alarid v. Golden Gate Bridge Highway and Transportation District; et al | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-08-473761 |
| | | JUDGE: |
| | | DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): 12 (Violations of FMLA, Medical Condition/Disability Association Discriminat-

5. This case [ ] is [X] is not a class action suit. ion, Harassment, Retaliation, Medical Leave Discrimination, etc.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 28, 2008

David M. Poore, Esq., SBN 192541
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

CASE NUMBER: CGC-08-473761  DOUGLAS ALARID VS. GOLDEN GATE BRIDGE HIGHWAY

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|  |  |
|---|---|
| **DATE:** | **AUG-29-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
|  | **400 McAllister Street** |
|  | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

## Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California
County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

*Operation*

San Francisco Superior Court Local Court Rule 4 provides **three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

*Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA 94102-4514

| | Case No. _____ |
|---|---|
| Plaintiff | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| v. | |
| Defendant | |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation     ☐ Mediation Services of BASF     ☐ Judicial Mediation
☐ Binding arbitration                                            Judge _____
☐ Non-binding judicial arbitration                               Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____
_____
_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**10. d.** The party or parties are willing to participate in *(check all that apply)*:
- (1) ☐ Mediation
- (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
- (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
- (4) ☐ Binding judicial arbitration
- (5) ☐ Binding private arbitration
- (6) ☐ Neutral case evaluation
- (7) ☐ Other *(specify)*:

**e.** ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

**f.** ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

**g.** ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

**14. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  ☐ Additional cases are described in Attachment 14a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (jn)