1   HANSON BRIDGETT LLP
    DIANE MARIE O'MALLEY - 139166
2   domalley@hansonbridgett.com
    JAHMAL T. DAVIS - 191504
3   jdavis@hansonbridgett.com
    425 Market Street, 26th Floor
4   San Francisco, CA  94105
    Telephone:   (415) 777-3200
5   Facsimile:    (415) 541-9366

6   Attorneys for Defendant
    GOLDEN GATE BRIDGE HIGHWAY AND
7   TRANSPORTATION DISTRICT

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  DOUGLAS ALARID,                    No. CV-08-2845-EMC

12              Plaintiff,             CERTIFICATE OF SERVICE RE
                                       DEFENDANT'S NOTICE OF FILING OF
13      v.                             NOTICE OF REMOVAL OF ACTION TO
                                       FEDERAL COURT
14  GOLDEN GATE BRIDGE HIGHWAY
    AND TRANSPORTATION DISTRICT;
15  MICHAEL LOCATI; DAVID RIVERA;
    KAY WITT, and DOES 1 through 50,
16  inclusive,

17              Defendants.

18      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

19  NORTHERN DISTRICT OF CALIFORNIA:

20      PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441(b), on June 9,

21  2008, Defendant GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION

22  DISTRICT ("Defendant"), by their undersigned attorneys, filed a Notice of Filing of Notice

23  of Removal of Action to Federal Court with the Clerk of the California Superior Court, in

24  and for the County of San Francisco, a copy of which is attached hereto.  Defendant also

25  served Plaintiff with the Notice of Filing of Notice of Removal of Action to Federal Court

26  including the following attachments:

27      **Exhibit 1:**    Notice of Removal of Action by Defendant Golden Gate Bridge

28

CERT. OF SERVICE RE DEF.'S NOT. OF FILING OF NOT. OF REMOVAL OF ACTION TO FEDERAL COURT          1486922.1

1  Highway and Transportation District with the following exhibits:

2  **Exhibit A:**   Summons and Plaintiff's Complaint;

3  **Exhibit B:**   Summons served on Defendant;

4  **Exhibit C:**   Defendant's Answer to Plaintiff's Complaint

5  **Exhibit D:**   Case No. CGC-08-473761 - Civil Case Cover Sheet, Notice
                    to Plaintiff of Case Management Conference; Alternative
6                   Dispute Resolution (ADR) Program Information Package;
                    [Blank Form] Stipulation to Alternative Dispute Resolution;
7                   Notice regarding Judicial Mediation Program: San Francisco
                    County Superior Court
8

9  **Exhibit 2:**   Order Setting Initial Case Management Conference and ADR

10 Deadlines; Standing Order for Civil Practice in Cases Assigned for All Purposes to

11 Magistrate Judge Edward M. Chen; Standing Order for All Judges of the Northern

12 District of California - Contents of Joint Case Management Statement; Notice of

13 Assignment of Case to a United States Magistrate Judge for Trial; [Blank] Consent to

14 Proceed Before a Magistrate Judge; [Blank] Declination to Proceed Before a Magistrate

15 Judge and Request for Reassignment to a United States District Judge; U.S. District

16 Court, Northern California - ECF Registration Information Handout; U.S. District Court,

17 San Francisco, Guidelines Handout; Sheet with Judge's name and initials and location;

18 U.S. District Court, Northern California of California, Drop Box Filing Instructions;

19 Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California.

20 DATED:  June 9, 2008                    HANSON BRIDGETT LLP

21

22                                         By: _____

23                                         DIANE MARIE O'MALLEY
                                           JAHMAL T. DAVIS
24                                         Attorneys for Defendant
                                           GOLDEN GATE BRIDGE HIGHWAY
25                                         AND TRANSPORTATION DISTRICT

26

27

28

CERT. OF SERVICE RE DEF.'S NOT. OF FILING OF NOT. OF REMOVAL OF ACTION TO FEDERAL COURT          1486922.1

1  HANSON BRIDGETT LLP
   DIANE MARIE O'MALLEY - 139166
2  domalley@hansonbridgett.com
   JAHMAL T. DAVIS - 191504
3  jdavis@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA 94105
   Telephone:  (415) 777-3200
5  Facsimile:  (415) 541-9366

6  Attorneys for Defendant
   GOLDEN GATE BRIDGE HIGHWAY AND
7  TRANSPORTATION DISTRICT

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUN 0 9 2008

GORDON PARK-LI, CLERK

BY: _____
              Deputy Clerk

8  **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

9  **UNLIMITED JURISDICTION**

10  DOUGLAS ALARID,                    No. CGC-08-473761

11           Plaintiff,               **DEFENDANT'S NOTICE OF FILING OF
                                       NOTICE OF REMOVAL OF ACTION TO**
12      v.                            **FEDERAL COURT**

13  GOLDEN GATE BRIDGE HIGHWAY
    AND TRANSPORTATION DISTRICT;
14  MICHAEL LOCATI; DAVID RIVERA;
    KAY WITT, and DOES 1 through 50,
15  inclusive,

16           Defendants.

17

18

19      TO PLAINTIFF DOUGLAS ALARID AND HIS ATTORNEYS OF RECORD AND

20  TO THE CLERK OF THE SUPERIOR COURT, IN AND FOR THE COUNTY OF SAN

21  FRANCISCO:

22      PLEASE TAKE NOTICE THAT Defendant has filed a Notice of Removal of the

23  above-captioned action from the Superior Court of the State of California, County of San

24  Francisco, on June 6, 2008.  A true and correct copy of Defendant's Notice of Removal

25  is attached hereto and incorporated herein as **Exhibit 1**.  The proceedings have been

26  removed from this Court to the United States District Court for the Northern District of

27  California as Case No. CV-08-2845-EMC and shall be governed hereafter by the District

28  Court's orders, attached collectively hereto as **Exhibit 2**.

- 1 -

DATED:  June 9, 2008                              HANSON BRIDGETT LLP


By: _____
    DIANE MARIE O'MALLEY
    JAHMAL T. DAVIS
    Attorneys for Defendant
    GOLDEN GATE BRIDGE HIGHWAY
    AND TRANSPORTATION DISTRICT

DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1485847.1

## PROOF OF SERVICE

I, Joanne Leong, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Douglas Alarid v. Golden Gate Bridge Highway and Transportation District, et al.*, San Francisco Superior Court, Case No. CGC-08-473761; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On June 9, 2008, I served a true and accurate copy of the document(s) entitled:

**DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

David M. Poore, Esq.
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954

☒     (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor., San Francisco, CA 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

☐     (By Overnight Federal Express pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with instructions to our Mailroom that the packages were to be picked up by Federal Express for overnight delivery.

☐     (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via UPS to the party(ies) so designated on the service list.

☐     (By Telecopy Fax pursuant to Code of Civil Procedures section 1013.) I am readily familiar with Hanson Bridgett's practice for processing of documents via Telefax. Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful.

- 1 -

1485924.1

☐ **(BY E-MAIL)** I am readily familiar with Hanson Bridgett's practice for processing of documents via electronic mail (E-Mail). Following these ordinary business practices, I personally e-mailed a copy of each document to each of the parties listed on the above-referenced service list by sending the documents directly to them at their e-mail addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on June 9, 2008 in San Francisco, California.

_Joanne Leong_
Joanne Leong

PROOF OF SERVICE

1485924.1

**Exhibit 1**

1  HANSON BRIDGETT LLP
   DIANE MARIE O'MALLEY - 139166
2  domalley@hansonbridgett.com
   JAHMAL T. DAVIS - 191504
3  jdavis@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA  94105
   Telephone:   (415) 777-3200
5  Facsimile:    (415) 541-9366

6  Attorneys for Defendant
   GOLDEN GATE BRIDGE HIGHWAY AND
7  TRANSPORTATION DISTRICT

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  DOUGLAS ALARID,                    No.

12              Plaintiff,             NOTICE OF REMOVAL OF ACTION TO
                                       FEDERAL COURT
13      v.

14  GOLDEN GATE BRIDGE HIGHWAY
    AND TRANSPORTATION DISTRICT;
15  MICHAEL LOCATI; DAVID RIVERA;
    KAY WITT, and DOES 1 through 50,
16  inclusive,

17              Defendants.

18

19      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA:

21      PLEASE TAKE NOTICE THAT Defendant GOLDEN GATE BRIDGE HIGHWAY

22  AND TRANSPORTATION DISTRICT (hereinafter "Defendant") hereby removes to this

23  Court, on the basis of federal question jurisdiction, the state court action described

24  below:

25      1.    State Court Action:  On March 28, 2008, Plaintiff DOUGLAS ALARID

26  (hereinafter "Plaintiff") commenced this action in the Superior Court for the State of

27  California, in and for the County of San Francisco, entitled *Douglas Alarid v. Golden*

28  *Gate Bridge Highway and Transportation District, et al.* , Case No. CGC-08-473761.  A

- 1 -

1    true and correct copy of the Summons and Complaint filed by Plaintiff is attached hereto

2    as **Exhibit A**;

3        2.    <u>Timely Removal</u>:  Defendant was served with a copy of the Summons and

4    Complaint on May 9, 2008.  A true and correct copy of the Summons served upon

5    Defendant is attached hereto as **Exhibit B**;

6        3.    <u>Answer</u>:  On June 6, 2008, Defendant filed an Answer to Plaintiff's

7    Complaint with the Superior Court of the State of California in and for the County of San

8    Francisco and served such Answer upon Plaintiff.  A copy of the Answer and

9    accompanying proof of service is attached hereto as **Exhibit C**;

10        4.    <u>Jurisdiction</u>:  This is a civil action over which this Court has original

11    jurisdiction under 28 U.S.C. §1331.  In the Complaint, Plaintiff alleges violations of the

12    Family and Medical Leave Act 29 U.S.C. §2601 (Ex. A, 9:14 - 10:22) and federal civil

13    rights statutes 42 U.S.C. §§ 1983, 1985. (16:13 - 17:13.)  Accordingly, this entire action

14    is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) and 28

15    U.S.C. § 1367.

16        5.    <u>Venue</u>:  Venue lies in the United States District Court for the Northern

17    District of California in that a substantial part of the alleged events or omissions on which

18    Plaintiff's claims are based occurred in San Francisco, California.  28 U.S.C. §1391(b);

19        6.    <u>Intradistrict Assignment</u>:  Pursuant to Civil L.R. 3-2(d), this action is proper

20    in the San Francisco Division because the action arose in the County of San Francisco;

21        7.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being

22    filed with the Clerk of the Superior Court of the State of California, County of San

23    Francisco;

24        8.    Pursuant to 28 U.S.C. §1446(d), Defendant is providing written notice to

25    Plaintiff;

26        9.    <u>State Court Documents</u>:  Pursuant to the provisions of 28 U.S.C. §1446(a),

27    Defendant attaches herewith, and incorporates by reference, the following documents,

28    which are all process, pleadings, and orders served on Defendant and filed in the

- 2 -

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                    1468441.1

1    Superior Court of the State of California in and for the County of San Francisco prior to

2    the filing of this Notice of Removal:

3              a.      Summons and Plaintiff's Complaint: San Francisco County Superior

4    Court, Case No. CGC-08-473761 (**Exhibit A**);

5              b.      Civil Case Cover Sheet, Notice to Plaintiff of Case Management

6    Conference; Alternative Dispute Resolution (ADR) Program Information Package; [Blank

7    Form] Stipulation to Alternative Dispute Resolution; Notice regarding Judicial Mediation

8    Program: San Francisco County Superior Court, Case No. CGC-08-473761 (**Exhibit D**);

9    and;

10             c.      Defendant's Answer to Plaintiff's Complaint (**Exhibit C**).

11        10.    <u>Service</u>:  Written Notice and Proof of Service of the filing of this Notice of

12   Removal by Defendant has been or will be served upon all parties as required by law.

13        WHEREFORE, Defendant respectfully requests that this action now proceed

14   against Defendant in this Court as an action properly removed.

15

16   DATED:  June 6, 2008                          HANSON BRIDGETT LLP

17

18                                         By: _____

19                                              DIANE MARIE O'MALLEY
                                                JAHMAL T. DAVIS
20                                              Attorneys for Defendant
                                                GOLDEN GATE BRIDGE HIGHWAY
21                                              AND TRANSPORTATION DISTRICT

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                              1468441.1

**Exhibit A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION
DISTRICT; MICHAEL LOCATI; DAVID RIVERA; KAY WITT;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
DOUGLAS ALARID

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco Superior Court of California 400 McAllister Street | CASE NUMBER: *(Número del Caso):* |

San Francisco, California

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Poore, Esq., SBN 192541            (707) 763-7100
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954

DATE: MAR 2 8 2008            Clerk, by _M. RAYRAY_, Deputy
*(Fecha)*            *(Secretario)*            *(Adjunto)*

Gordon Park-Li

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*            Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

1  David M. Poore, SBN 192541
   KAHN BROWN & POORE LLP
2  755 Baywood Drive, Suite 185
   Petaluma, California 94954
3  Telephone:    (707) 763-7100
   Facsimile:    (707) 763-7180
4  dpoore@kahnbrownlaw.com

5
   Attorneys for Plaintiff
6  DOUGLAS ALARID

7

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 2 8 2008

GORDON PARK-LI, Clerk
BY: _____
                Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

AUG 2 9 2008 -9⁰⁰ AM

DEPARTMENT 212

8      SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

9                          UNLIMITED JURISDICTION

10
11  DOUGLAS ALARID,                          Case No. CGC-08-473761

12          Plaintiff,                       COMPLAINT FOR DAMAGES,
                                             EQUITABLE, AND/OR INJUNCTIVE
13                                           RELIEF
    v.
14                                           VIOLATIONS OF GOVERNMENT CODE
                                             SECTION 12940, *ET. SEQ.*; FAILURE TO
15                                           PREVENT AND INVESTIGATE
                                             HARASSMENT; VIOLATIONS OF THE
16  GOLDEN GATE BRIDGE HIGHWAY AND           CALIFORNIA FAMILY RIGHTS ACT,
    TRANSPORTATION DISTRICT; MICHAEL         GOVERNMENT CODE SECTION 12945.1,
17  LOCATI; DAVID RIVERA; KAY WITT; and      *ET. SEQ.*; VIOLATIONS OF 42 U.S.C. §§
    DOES 1 through 50, inclusive,            1981, 1983, 1985, *ET SEQ.*; VIOLATIONS
18                                           OF THE CALIFORNIA CONSTITUTION;
                                             VIOLATIONS OF CALIFORNIA LABOR
19          Defendants.                      CODE § 233; VIOLATIONS OF THE FAIR
                                             LABOR STANDARDS ACT, 29 U.S.C. §
20                                           215; VIOLATIONS OF THE FAMILY
                                             MEDICAL LEAVE ACT, 26 U.S.C. §§2601,
21                                           *ET SEQ.*; VIOLATIONS OF CIVIL CODE
                                             SECTION 1708.8
22
                                             BY FAX
23                                           JURY TRIAL DEMANDED

24          Plaintiff DOUGLAS ALARID complains and alleges as follows:

25

26                          **PARTIES AND JURISDICTION**

27          1.    Plaintiff DOUGLAS ALARID is, and at all relevant times hereto, has been a

28  resident of the State of California. Plaintiff Alarid was an employee of defendant GOLDEN

-1-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1  GATE BRIDGE HIGHWAY AND TRANSPORTATION DISTRICT ("Golden Gate Bridge" or

2  "defendant") within the meaning of California Fair Employment and Housing Act ("FEHA").

3        2.     At all relevant times, defendant Golden Gate Bridge was an employer within the

4  meaning of the California Family Rights Act ("CFRA"), and, as such, was prohibited from

5  harassing, discriminating and retaliating in employment on the basis of disability/medical

6  condition association or asserting family leave rights. Defendant was also an employer within the

7  meaning of the Family Medical Leave Act of 1993, 29 U.S.C. Sections 2601, et. seq. ("FMLA"),

8  in that it is engaged in industry affecting interstate commerce and has employed, at all relevant

9  times, over 50 employees to qualify as an employer under the FMLA

10        3.     Defendant Golden Gate Bridge, including its departments, units, and/or political

11  subdivisions, are and at all relevant times hereto, were employers operating as public entities

12  within the State of California, County of San Francisco, who regularly employed more than five

13  persons.

14        4.     Defendant Golden Gate Bridge is a county municipality located within the State of

15  California and doing business as a government entity under color of state authority and law.

16        5.     Defendant MICHAEL LOCATI ("Locati" or "defendant") is an individual whose

17  residence is located in the State of California. Defendant Locati is a supervisor and/or managerial

18  employee of the Golden Gate Bridge. For purposes of the cause of action under the Civil Rights

19  Act, defendant Locati is being sued in his individual capacity acting under color of law.

20        6.     At all relevant times herein, defendant Locati was a supervisor, manager, and/or

21  managing agent of the Golden Gate Bridge, and as such was prohibited from harassing and

22  retaliating against employees on the basis of making complaints regarding violations of the

23  California Fair Employment and Housing Act.

24        7.     Defendant DAVID RIVERA ("Rivera" or "defendant") is an individual whose

25  residence is located in the State of California. Defendant Rivera is a supervisor and/or

26  managerial employee of the Golden Gate Bridge. For purposes of the cause of action under the

27  Civil Rights Act, defendant Rivera is being sued in his individual capacity acting under color of

28  law.

-2-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    8.     At all relevant times herein, defendant Rivera was a supervisor, manager, and/or

2    managing agent of the Golden Gate Bridge, and as such was prohibited from harassing and

3    retaliating against employees on the basis of making complaints regarding violations of the

4    California Fair Employment and Housing Act.

5    9.     Defendant KAY WITT ("Witt" or "defendant") is an individual whose residence is

6    located in the State of California. Defendant Witt is a supervisor and/or managerial employee of

7    the Golden Gate Bridge. For purposes of the cause of action under the Civil Rights Act,

8    defendant Witt is being sued in her individual capacity acting under color of law.

9    10.    At all relevant times herein, defendant Witt was a supervisor, manager, and/or

10   managing agent of the Golden Gate Bridge, and as such was prohibited from harassing and

11   retaliating against employees on the basis of making complaints regarding violations of the

12   California Fair Employment and Housing Act.

13   11.    This Court has jurisdiction and venue over this action in that defendant Golden

14   Gate Bridge employed plaintiff within the County of San Francisco, State of California.

15   12.    Plaintiff has exhausted all administrative remedies with the Department of Fair

16   Employment and Housing ("DFEH"). Plaintiff filed a timely administrative charge with the

17   DFEH; DFEH investigated the charge for approximately one year; and plaintiff has filed this

18   action within one year of the issuance of the right-to-sue letter.

19   13.    Plaintiff does not know the true names, capacities and identities, whether

20   corporate, partnership, individual or otherwise, of defendants sued herein as DOES 1 through 50,

21   inclusive, and for this reason sues each defendant by such fictitious names in accordance with

22   Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and on that basis

23   alleges, that each of the fictitiously-named defendants is legally responsible for the events and

24   actions referred to in this Complaint and wrongfully caused injury and damages to plaintiff, as

25   alleged below. Plaintiff will seek leave to amend this complaint to state these defendants' true

26   names and capacities when they are ascertained.

27   14.    Plaintiff is informed and believes, and thereby alleges that each of the defendants

28   herein were at all times relevant hereto, the agents, representatives, servants and employees of the

-3-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1  remaining defendants, and were acting at least in part within the course and scope of such

2  relationship, and that the wrongful acts alleged herein were committed by such defendants, and

3  each of them. Furthermore, plaintiff is informed and believes that defendants were, at all relevant

4  times, one integrated enterprise and/or employer for purposes of FEHA.

5

6                              **FACTUAL BACKGROUND**

7        15.    Plaintiff Alarid is a former employee of defendant Golden Gate Bridge. At all

8  relevant times, plaintiff was a Hispanic male that associated with a family member who suffers

9  from a disability and/or medical condition, including requesting medical leave to care for that

10  family member. As such, plaintiff was a member of a protected category for purposes of FEHA.

11        16.    On or about November 7, 2002, plaintiff was hired as a Bridge Patrol Officer, a

12  law enforcement position, for the Golden Gate Bridge. At the time that plaintiff began his

13  employment and throughout his employment at the Golden Gate Bridge, plaintiff was qualified to

14  work in this law enforcement position. Throughout his employment with the Golden Gate

15  Bridge, plaintiff diligently and competently performed his duties, and received pay increases in

16  accordance with his performance. Plaintiff further received consistent praise regarding his

17  abilities and skill level, and was provided with excellent evaluations for his performance.

18        17.    On or about January 20, 2005, plaintiff applied for a promotion to the position of

19  Bridge Sergeant, a supervisory title at the Golden Gate Bridge District. Plaintiff met the

20  qualifications for promotion, and was eventually forwarded to the final oral board for a panel

21  interview.

22        18.    Once plaintiff arrived at the panel interview for promotion, he noticed that

23  defendant Locati's wife, Lisa Locati, was a member of the oral board. Plaintiff believed that this

24  assignment may have been improper because plaintiff had previously been involved in an internal

25  grievance and complaint regarding defendant Locati. During the oral board, it was obvious that

26  defendant Locati's wife was not neutral and unbiased. Instead, throughout the oral board,

27  defendant Locati's wife consistently made inappropriate and demeaning remarks and comments

28  towards plaintiff in an attempt to prevent him from obtaining a promotion. Plaintiff is informed

-4-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    and believes that defendants placed Mrs. Locati on the oral board for the purposes of denying

2    plaintiff's promotion.

3        19.    In late-February and March 2005, plaintiff filed an internal complaint with

4    defendants requesting that defendant Locati's wife be removed from the oral board, and that any

5    oral board results be invalidated.

6        20.    Defendants ignored plaintiff's concerns, and, instead, engaged in repeated acts of

7    retaliation and harassment towards plaintiff based upon his complaints and his race and/or

8    national origin. Moreover, defendants failed to reasonably investigate plaintiff's complaint, and,

9    instead, allowed the harassing conduct to continue. As a result, plaintiff was denied the

10   promotion, and was not provided with a promotion board that was fair and impartial.

11       21.    On or about April 15, 2005, after becoming a qualified employee under the FMLA

12   and/or CFRA, plaintiff applied for the FMLA and/or CFRA leave on an intermittent basis to care

13   for his elderly mother. Plaintiff provided defendants with adequate and reasonable written and

14   verbal notice of the need to take FMLA and/or CFRA leave on an intermittent basis. Plaintiff's

15   mother was suffering from heart disease and kidney failure, and required hospitalization for heart

16   surgery, heart bypass, and a kidney transplant, that required plaintiff's assistance on an

17   intermittent basis for basic care and treatment with daily life activities. Plaintiff's mother was

18   under the continuous treatment or supervision of a health care provider. As a result, plaintiff's

19   mother had a chronic serious health condition that qualified plaintiff as an eligible employee for

20   purposes of the FMLA and/or CFRA.

21       22.    Plaintiff's mother further suffered from a disability and/or medical condition that

22   substantially limited her daily life activities. Plaintiff's mother's disability and medical condition

23   required reasonable accommodations for leave requests so that plaintiff could adequately care for

24   his elderly mother.

25       23.    Plaintiff's mother's treating physician completed the necessary paperwork for

26   FMLA and/or CFRA leave, and placed plaintiff on intermittent leave until March 31, 2006.

27   During this period of leave, plaintiff was authorized to take increments of leave throughout the

28   work-week to care for his mother.

-5-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    24.    Once defendants became aware of plaintiff's mother's disability and medical

2    condition, including his request for intermittent FMLA and/or CFRA leave, defendants engaged

3    in a campaign of harassment, retaliation, interference, and discrimination as a direct result of

4    these protected categories, and defendants began to look for any reason however slight to target

5    plaintiff's employment with the goal of supporting discipline and termination.

6    25.    From approximately April 2005, and continuing up until the date of plaintiff's

7    termination on or about March 30, 2006, defendants subjected plaintiff to discrimination,

8    harassment, retaliation, and unequal treatment in the workplace on the basis that plaintiff's

9    mother had a serious medical condition and disability/medical condition and plaintiff requested

10   family and medical leave in accordance with the federal and state laws.  Defendants further

11   engaged in a pattern and practice of interfering with, restraining, and arbitrarily denying plaintiff

12   and other similarly situated employees family medical leave rights, including but not limited to:

13   (1) treating employees that asserted family medical leave rights differently in the workplace; (2)

14   providing different levels of discipline for employees that asserted family medical leave rights;

15   (3) arbitrarily changing the employees' work schedule or amount of hours worked in a week to

16   adversely impact the calculation for medical leave; (4) falsely informing plaintiff that he had

17   exceeded his allowable family medical leave or that he needed to "re-certify" for leave; (5)

18   engaging in stereotypical comments and attitudes towards plaintiff and other similarly situated

19   employees who took medical and family leave; (6) refusing to provide or providing misleading

20   FMLA information; (7) wrongfully denying medical leave despite the fact that plaintiff and other

21   similarly situated employees were qualified and eligible for continued leave; (8) wrongfully

22   inform plaintiff of his status regarding his recertification requirements under the FMLA and/or

23   CFRA; (9) treating plaintiff and other similarly situated employees in a hostile and rude manner

24   for taking medical leave; (10) mischaracterizing FMLA and/or CFRA leave; (11) making

25   improper and demeaning comments, slurs, and remarks concerning medical leave; and (12)

26   engaging in a pattern and practice of interfering with plaintiff and other similarly situated

27   employees' rights to FMLA and/or CFRA leave.  Defendant Golden Gate Bridge also changed its

28   FMLA policy without any notice to plaintiff and other similarly situated employees.

-6-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

26.    During this time, defendants further discriminated, harassed, and retaliated against plaintiff based upon his national origin and race, including creating a hostile work environment based upon the fact that plaintiff was a Hispanic worker.

27.    Moreover, during this period of time, plaintiff requested that defendants allow him to work an outside and separate part-time job as a federal police officer to supplement his income so that he could adequately care for his mother's financial and medical needs.

28.    In or about late-December 2005 and January 2006, plaintiff's mother's medical condition began to significantly deteriorate. Plaintiff was required to take more intermittent family medical leave during this period of time to care for his mother.

29.    Plaintiff's need to take additional and legally permissible intermittent leave was met with hostility by defendants. In early-January 2006, defendants immediately placed plaintiff on an improper "sick leave" disciplinary program that directly affected his rights to FMLA and/or CFRA leave.

30.    On or about January 29, 2006, plaintiff requested the reasonable accommodation of a "shift exchange" with another patrol officer so that he could care for his mother. The other officer was agreeable to the shift exchange, and engaging in shift exchanges was a common custom and practice at the Golden Gate Bridge District.

31.    Plaintiff's request for reasonable accommodations was also met with hostility, and was unilaterally denied without any reasonable explanation. Defendants refused to reasonably accommodate plaintiff's request, and further failed to engage in the good faith interactive process to determine the reasonableness of the requested accommodations, including what accommodations were appropriate under the circumstances. Instead, defendants continued to harass, discriminate, and retaliate against plaintiff based upon his requests for leave and accommodations.

32.    During this period of time, plaintiff continued to make internal complaints concerning defendants' improper actions, but defendants refused to investigate the complaints, and, instead, engaged in adverse actions towards plaintiff based upon his protected requests.

-7-

33.    Moreover, when defendants became aware of plaintiff's internal complaints, the harassment, discrimination, interference, and retaliation intensified and became worse, including but not limited to (1) wrongfully disciplining plaintiff; (2) providing plaintiff with negative work evaluations; (3) providing plaintiff with a verbal admonition for petty and untrue allegations; (4) interfering with plaintiff's use of sick leave and family-medical leave; (5) openly criticizing plaintiff for using authorized sick leave; (6) ignoring plaintiff's mother's doctor's recommendations; (7) targeting plaintiff's employment for "disciplinary action" and "termination"; (8) harassing and criticizing plaintiff on a daily basis; (9) targeting and monitoring plaintiff's employment in an attempt to create a record for termination; (10) making comments, slurs, and remarks; (11) treating plaintiff differently than similarly situated employees based upon association-related disability, medical condition, and asserting family-medical leave rights; and (12) retaliating against plaintiff for using permissible and allotted sick leave compensation time, and requesting reasonable accommodations.

34.    Furthermore, after plaintiff made internal complaints regarding his FMLA and/or CFRA leave, defendants began looking for any reason to target and terminate plaintiff's employment. In January and February 2006, defendants hired several unknown private investigation firms to "follow" plaintiff and conduct "surveillance activities" of plaintiff in an attempt to target his employment. In particular, even though plaintiff had previously advised defendant's of his part-time employment (in which plaintiff was not eligible for FMLA and/or CFRA), defendants instructed their "private investigators" to monitor plaintiff at his outside employment in an attempt to support a case of FMLA "abuse."

35.    During this time, defendants retained, directed, solicited, induced, and/or caused several unknown private investigators to conduct surveillance of plaintiff and his mother without any probable cause, reasonable or articulable suspicion, or any other reasonable basis. During the course of this investigation, defendants violated plaintiff's right of privacy and captured visual images of plaintiff inside his house, his mother's house, and other locations in which he had a reasonable expectation of privacy. Defendants' invasion of privacy was offensive to a reasonable person in light of plaintiff's circumstances, and was intended to capture plaintiff in engaging in

-8-

1   personal or familial activity that had nothing whatsoever to do with plaintiff's employment with

2   Golden Gate Bridge.

3       36.    Defendants' surveillance confirmed what they already knew:  plaintiff was

4   working a part-time job to supplement his income, and plaintiff spent a considerable amount of

5   time caring for his mother.

6       37.    On or about March 30, 2006, defendants terminated plaintiff's employment

7   without any adequate or reasonable due process hearing as a direct result of plaintiff's protected

8   categories identified above.  Defendants further terminated plaintiff's employment based upon

9   false, inaccurate, and misleading reasons, including FMLA "abuse" and working in an "outside

10  employment" situation without authorization.  Plaintiff's termination was discriminatory and also

11  in direct retaliation for her previous complaints of discrimination, harassment, retaliation, and

12  unequal treatment in the workplace.

13

14              **FIRST CAUSE OF ACTION**

15              (Violations of the FMLA – All defendants)

16      38.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 of this

17  Complaint as though fully set forth herein.

18      39.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 28 of this

19  Complaint as though fully set forth herein.

20      40.    Plaintiff was an eligible employee for purposes of the FMLA.

21      41.    Plaintiff's mother suffered from a serious medical condition.

22      42.    Plaintiff was initially approved for family medical leave under the FMLA by

23  defendants for plaintiff's mother's serious medical condition.

24      43.    Family Medical Leave Act of 1993, 29 U.S.C. Sections 2601, et. seq. prohibits

25  defendants from interfering, restraining, discriminating or retaliating against an employee for

26  exercising family medical leave rights, or denying an eligible employee's family medical leave.

27  The FMLA further prohibits an employer from changing its FMLA policies without providing

28  reasonable notice to the affected employees.

-9-

44.    In acting above, defendants violated the FMLA with regard to plaintiff when it discriminated against plaintiff for asserting rights under the FMLA, retaliated against plaintiff in taking adverse employment actions for plaintiff's exercise of rights under the FMLA,  interfered with plaintiff's family medical leave, restrained plaintiff's family medical leave, denied plaintiff's legitimate family medical leave, and ultimately terminated plaintiff's employment while plaintiff was on FMLA leave and in direct retaliation for plaintiff exercising his rights under the FMLA and making internal complaints of FMLA violations.

45.    Defendant Golden Gate Bridge further violated the FMLA when it changed its FMLA policies and procedures without providing any reasonable notice to plaintiff and other similarly situated employees.

46.    In acting above, defendant Golden Gate Bridge has a pattern and practice of violating the FMLA.  Defendant maintains a pattern and practice of: (1) retaliating against employees who exercise their rights under the FMLA; (2) interfering with affected employees' rights under the FMLA; (3) changing the FMLA policies and procedures; and (4) discriminating against employees who have asserted rights under the FMLA.

47.    As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, lost wages and benefits, future wage loss, other compensation loss, and attorney's fees and costs.

48.    As a further direct and proximate result of defendants' conduct, plaintiff seeks interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other relief that the Court deems fair and just.

## SECOND CAUSE OF ACTION

(Medical Condition/Disability Association Discrimination – FEHA – Defendant Golden Gate Bridge only)

49.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. California Government Code §§ 12926(m) and 12940, et. seq., provide that it is an unlawful employment practice for an employer to discriminate in the terms and conditions of employment on the basis of a medical condition/disability association or perceived association.

51. Defendant violated Government Code § 12940, et. seq. with regard to plaintiff when it discriminated against plaintiff on the basis of his association with a person that has a disability and/or medical condition, and terminated plaintiff's employment, and/or took other adverse employment actions against Plaintiff as a result of plaintiff's association or perceived association with a person that is a member of a protected category under FEHA, including the failure to make reasonable accommodations.

52. Defendant's conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

53. As a direct and proximate result of defendant's conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

54. Defendant's actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

## THIRD CAUSE OF ACTION

(Medical Condition/Disability Association Harassment – FEHA –All Defendants)

55. Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

56. California Government Code §§ 12926(m) and 12940(j) provide that it is an unlawful employment practice for an employer, supervisor, or any employee to harass any person on the basis of association or perceived association with a person that is a member of a protected category under FEHA.

-11-

57.   Defendants violated Government Code § 12940(j) with regard to plaintiff when they engaged in severe and pervasive conduct towards plaintiff, created a hostile work environment for plaintiff, and harassed plaintiff in the workplace on the basis of his association or perceived association with his spouse, a person with a disability and medical condition as defined under FEHA.

58.   Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

59.   As a direct and proximate result of defendants' harassing conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

60.   Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

61.   The acts of the individual defendants only as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The acts of the corporate defendant were further committed by managing agents, officers, or directors of the defendant, or ratified by the defendant at a corporate level. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages as to all individual defendants.

///
///
///
///
///

-12-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

## FOURTH CAUSE OF ACTION

(Medical Condition/Disability Association Retaliation – FEHA – Defendant Golden Gate Bridge Only)

62.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63.    California Government Code §§ 12926(m) and 12940(h) provides that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing an unlawful employment practice or filing a complaint of discrimination or harassment.

64.    Defendants violated Government Code § 12940 with regard to Plaintiff when they involuntarily transferred, demoted, denied promotional opportunities, conducted inappropriate discipline and other adverse employment actions, and then ultimately terminated plaintiff' employment as a result of making complaints to defendants of discrimination, retaliation, unequal treatment, and harassment in the workplace and then requesting that an immediate investigation and remedial measures be taken.

65.    Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

66.    As a direct and proximate result of defendants' retaliatory conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

67.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

## FIFTH CAUSE OF ACTION

(Medical Leave Discrimination – CRFA – Defendant Golden Gate Bridge only)

68.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69.    California Government Code § 12945.1, et. seq., provide that it is an unlawful employment practice for an employer to discriminate in the terms and conditions of employment on the basis of asserting family medical leave rights under the California Family Rights Act.

70.    Defendant violated Government Code § 12945.1, et. seq. with regard to plaintiff when it discriminated against plaintiff on the basis of his assertion of rights under the CFRA, and terminated plaintiff's employment, and/or took other adverse employment actions against plaintiff, including reasonable accomodations.

71.    Defendant's conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12945.2.

72.    As a direct and proximate result of defendant's conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

73.    Defendant's actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

## SIXTH CAUSE OF ACTION

(Medical Leave Retaliation – CFRA –Defendant Golden Gate Bridge only)

74.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 73 of this Complaint as though fully set forth herein.

75.    California Government Code § 12945.2 provides that it is an unlawful employment practice for an employer to retaliate against an employee for opposing an unlawful employment practice or filing a complaint of relating to assertion of rights under the CFRA.

-14-

76.   Defendants violated Government Code § 12945.2 with regard to plaintiff when they denied promotional opportunities, conducted inappropriate discipline and other adverse employment actions, and then ultimately terminated plaintiff' employment as a result of making complaints to defendants of violations of the CFRA in the workplace and then requesting that an immediate investigation and remedial measures be taken.

77.   Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12945.2.

78.   As a direct and proximate result of defendants' retaliatory conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

79.   Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

## SEVENTH CAUSE OF ACTION

(Failure to Prevent Discrimination – Defendant SCOE)

80.   Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 79 of this complaint as fully set forth herein.

81.   California Government Code § 12940(k) et seq., provide that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring in the workplace.

82.   Defendant violated Government Code § 12940 et seq., with regard to when defendants knowingly and recklessly created a hostile work environment for plaintiff, failed to conduct reasonable and impartial investigations when plaintiff complained about discriminatory conduct on the part of supervisors and management, and failed to take reasonable steps necessary to investigate the misconduct and prevent it from occurring and continuing.

-15-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

83.     Defendant's conduct toward plaintiff and other similarly situated employees as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

84.     As a direct and proximate result of defendant's conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

85.     Defendant's actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

## EIGHTH CAUSE OF ACTION

(Violations of Civil Rights Laws – All Defendants)

86.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 85 of this Complaint as fully set forth herein.

87.     Defendants actions and failures as alleged above constitute a pattern and practice of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983, 1985. Defendants while acting under color of state authority and law wrongfully and intentionally discriminated against and retaliated against plaintiff because of his protected categories, including race, national origin, association disability and medical condition thus treating plaintiff in an unequal manner without any rational or legitimate basis. Defendants' conduct, as set forth above, constitutes violations, under color of law, of plaintiff's rights, privileges, and immunities guaranteed to him by the First Amendment of the United States Constitution rights of free speech and to petition the government for redress of grievances, the equal protection clause of the United States Constitution, and the due process clause of the Fourteenth Amendment of the United States Constitution. Moreover, as set forth above, plaintiff was denied both substantive and procedural due process prior to his termination as a public employee because defendants failed to provide

-16-

1    plaintiff with a hearing and/or opportunity to be heard prior to his termination thus depriving

2    plaintiff of liberty and property rights.

3        88.    Defendants' actions have caused and continue to cause plaintiff substantial losses

4    in earnings, significant reputation and professional injury, loss of promotional opportunities and

5    other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

6    benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

7    according to proof.

8        89.    As to the individual defendants only, the acts of this defendant as alleged herein,

9    was intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent

10   to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. Defendant's acts

11   were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the

12   intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code

13   §3294, entitling Plaintiff to punitive damages against these defendant only.

14

15                     **NINTH CAUSE OF ACTION**

16       (Violations of the California Constitution, Art. I – Defendant Golden Gate Only)

17       90.    Plaintiff incorporates herein by reference all the allegations contained in

18   paragraphs 1 through 89 of this complaint as fully set forth herein.

19       91.    The California Constitution, Article I, Section 7, provides that a public entity may

20   not deprive a person of a property or liberty interest without due process of law. The California

21   Constitution further protects plaintiff's freedom of speech, equal protection, and right of privacy

22       92.    In acting herein, defendant violated plaintiff's property and liberty due process

23   rights in failing to provide plaintiff with adequate procedural and substantive due process prior to

24   engaging in adverse employment actions against plaintiff and terminating plaintiff's employment,

25   and violated plaintiff's constitutional rights of privacy, equal protection, and free speech.

26       93.    As a result of defendant's actions, plaintiff seeks equitable and injunctive relief,

27   including but not limited to reinstatement and back-pay, and any other damages according to

28   proof.

-17-

## TENTH CAUSE OF ACTION

(Violations of the California Labor Code § 233 – Defendant Golden Gate Only)

94.    Plaintiff incorporates herein by reference all the allegations contained in paragraphs 1 through 93 of this complaint as fully set forth herein.

95.    California Labor Code § 233 prohibits an employer from using permissible sick leave as a basis to discipline an employee, and discriminating or retaliating against an employee that asserts his or her rights to use allotted sick leave.

96.    In acting above, defendant violated California Labor Code § 233 when it discriminated, retaliated, disciplined, and took adverse employment actions against plaintiff for using his authorized sick leave.

97.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

(Violations of the Labor Code § 215 – Defendant Golden Gate Bridge)

98.    Plaintiff incorporates herein by reference all the allegations contained in paragraphs 1 through 97 of this complaint as fully set forth herein.

99.    The Fair Labor Standards Act, Labor Code § 215 prohibits an employer from discriminating or retaliating against an employee that files an internal complaint with the employer regarding violations of the compensation statutes, including the assertion of sick leave compensation.

100.    In acting above, defendant violated Labor Code § 215 when it discriminated, retaliated, disciplined, and took adverse employment actions against plaintiff for filing an internal complaint regarding defendants' interference with her allotted sick leave compensation.

-18-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    101.    Defendants' actions have caused and continue to cause plaintiff substantial losses

2    in earnings, significant reputation and professional injury, loss of promotional opportunities and

3    other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

4    benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount

5    according to proof.

6                              **TWELFTH CAUSE OF ACTION**

7                        (Violations of Civil Code Section 1708.8 – All Defendants)

8    102.    Plaintiff incorporates herein by reference all the allegations contained in

9    paragraphs 1 through 101 of this complaint as fully set forth herein.

10    103.    Defendants violated Civil Code Section 1708.8 when they improperly placed

11    plaintiff under surveillance and violated his right of privacy.

12    104.    Defendants caused plaintiff damages in accordance with proof at trial.

13    105.    As to the individual defendants only, the acts of this defendant as alleged herein,

14    was intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent

15    to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress.  Defendant's acts

16    were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the

17    intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code

18    §3294, entitling Plaintiff to punitive damages against these defendant only.

19

20                                **PRAYER FOR RELIEF**

21    Wherefore, plaintiff prays for judgment against Defendants, and each of them as follows:

22    1. For general damages in an amount according to proof;

23    2. For special damages in an amount according to proof;

24    3. For prejudgment interest in an amount according to proof;

25    4. For injunctive relief or other equitable relief according to proof,

26    5. For reasonable attorney's fees and cost of suit therein;

27    6. For punitive damages against individual defendants only;

28    7. For statutory penalties and any other statutory relief;

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

8. For such other and further relief as the court may deem proper.

9. **Plaintiff hereby demands a trial by jury.**

Dated: March 28, 2008                    KAHN BROWN & POORE LLP

By:_____
    David M. Poore
    Attorneys for Plaintiffs

-20-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

**Exhibit B**

05/07/2008  12:41    7077537100              KBP SONOMA                    PAGE  01/01

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION
DISTRICT; MICHAEL LOCATI; DAVID RIVERA; KAY WITT;
and DOES 1 through 50, inclusive

GOLDEN GATE BRIDGE,
HIGHWAY & TRAN...
TRANSIT DIST *FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2008 MAY -9  PM 4:30

SECRETARY OF
THE DISTRICT
*Hand Delivered*

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOUGLAS ALARID

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:                                      CASE NUMBER:
*(El nombre y dirección de la corte es):*                                   *(Número del caso):*  CGC-08-473761
San Francisco Superior Court of California
400 McAllister Street                                                      **BY FAX**

San Francisco, California

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Poore, Esq., SBN 192541                          (707) 763-7100
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California  94954                               M. RAYRAY
DATE: MAR 2 8 2008   Gordon Park-Li   Clerk, by _____, Deputy
*(Fecha)*                            *(Secretario)*                        *(Adjunto)*
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Golden Gate Bridge Highway and Transportation District

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other (specify): BUSINESS ORGANIZATION FORM UNKNOWN
4. [ ] by personal delivery on (date):                                    Page 1 of 1

Form Adopted for Mandatory Use                                  Code of Civil Procedure §§ 412.20, 465
Judicial Council of California
SUM-100 [Rev. January 1, 2004]            **SUMMONS**

Solutions℠ Plus
116A37817.ti - 5/7/2008 1:41:06 PM

**Exhibit C**

1  HANSON BRIDGETT LLP
   DIANE MARIE O'MALLEY - 139166
2  domalley@hansonbridgett.com
   JAHMAL T. DAVIS - 191504
3  jdavis@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA 94105
   Telephone:   (415) 777-3200
5  Facsimile:   (415) 541-9366

6  Attorneys for Defendant
   GOLDEN GATE BRIDGE HIGHWAY AND
7  TRANSPORTATION DISTRICT

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUN 0 6 2008

GORDON PARK-LI, Clerk
BY: ___MARY ANN MORAN___
                    Deputy Clerk

8         SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

9                          UNLIMITED JURISDICTION

10  DOUGLAS ALARID,                          No. CGC-08-473761

11            Plaintiff,                     **DEFENDANT GOLDEN GATE BRIDGE
                                             HIGHWAY AND TRANSPORTATION
12       v.                                  DISTRICT'S ANSWER AND
                                             AFFIRMATIVE DEFENSES TO
13  GOLDEN GATE BRIDGE HIGHWAY               PLAINTIFF'S COMPLAINT**
    AND TRANSPORTATION DISTRICT;
14  MICHAEL LOCATI; DAVID RIVERA;
    KAY WITT, and DOES 1 through 50,
15  inclusive,

16            Defendants.

17

18       Defendant GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION

19  DISTRICT ("Defendant"), by its attorneys Hanson Bridgett LLP, answer Plaintiff Douglas

20  Alarid's ("Plaintiff") unverified Complaint as follows:

21                          **GENERAL DENIAL**

22       1.   Defendant, pursuant to California Code of Civil Procedure, Section

23  431.30(d), generally denies and places at issue each and every material allegation

24  contained in Plaintiff's unverified Complaint and denies that Plaintiff has suffered any

25  damage in the manner alleged or in any amount as a result of the alleged acts or

26  omissions of Defendant.

27  / / /

28  / / /

- 1 -

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
UNVERIFIED COMPLAINT                                        1485032.1

### AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to Plaintiff's unverified Complaint:

### FIRST AFFIRMATIVE DEFENSE

As a first and separate affirmative defense, Defendant asserts that neither the Complaint nor any purported cause of action alleged therein states facts sufficient to constitute a cause of action against it.

### SECOND AFFIRMATIVE DEFENSE

As a second and separate affirmative defense, Plaintiff's causes of action are barred in whole or in part to the extent that Plaintiff has failed to exhaust his administrative remedies pursuant to the California Fair Employment and Housing Act and the California Labor Code.

### THIRD AFFIRMATIVE DEFENSE

As a third and separate affirmative defense, Defendant asserts that to the extent that Plaintiff alleges or relies upon acts or omissions occurring more than one year before the filing of his complaint with the California Department of Fair Employment and Housing, if any, Plaintiff's claims based on such conduct are barred.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense, Defendant asserts that the alleged conduct of which Plaintiff complains was based on one or more legitimate, non-discriminatory and non-retaliatory business reasons.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate affirmative defense, Defendant alleges that Plaintiff's causes of action for discrimination are barred, in whole or in part, because Defendant would have made the same employment decisions concerning Plaintiff absent any discriminatory or retaliatory motive.

/ / /

/ / /

- 2 -

1485032.1

1                     <u>SIXTH AFFIRMATIVE DEFENSE</u>

2        As a sixth and separate affirmative defense, Plaintiff's causes of action are barred

3   in whole or in part by the applicable statutes of limitation, including but not limited to, Cal.

4   Code of Civ. Proc. §§ 335.1 and 338, Cal. Govt. Code §12965(b), U.S.C. §§255(a) and

5   2617(c)(1) and 42 U.S.C. §1988.

6                  <u>SEVENTH AFFIRMATIVE DEFENSE</u>

7        As a seventh and separate affirmative defense, Defendant alleges that its actions

8   about which Plaintiff complains were undertaken in good faith in compliance with

9   applicable federal, state, administrative, and local laws and regulations governing

10   Defendant's operations.

11                  <u>EIGHTH AFFIRMATIVE DEFENSE</u>

12        As an eighth and separate affirmative defense, Defendant alleges on information

13   and belief that Plaintiff has failed to make reasonable efforts to mitigate his damages, if

14   any.

15                  <u>NINTH AFFIRMATIVE DEFENSE</u>

16        As a ninth and separate affirmative defense, Defendant alleges that Plaintiff's

17   causes of action are barred by the equitable doctrines of laches and unclean hands.

18                  <u>TENTH AFFIRMATIVE DEFENSE</u>

19        As a tenth and separate affirmative defense, Defendant alleges that Plaintiff's

20   causes of action are barred by the equitable doctrines of waiver and estoppel.

21                  <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

22        As an eleventh and separate affirmative defense, Defendant asserts that, to the

23   extent that Plaintiff may seek punitive damages against Defendant, pursuant to

24   California Government Code §818, Plaintiff is barred from recovering punitive damages

25   against a public entity, such as Defendant, a public entity created by the California

26   Streets and Highways Code Section 27500, et seq.

27   / / /

28   / / /

- 3 -

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth and separate affirmative defense, Defendant asserts that Plaintiff has failed to allege that he suffered from a disability, or that Defednat perceived him to have a disability,  and, therefore, Defendant was under no duty to provide any accommodation.  Defendant further alleges that Plaintiff submitted a request for intermittent leave, which was granted by Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth and separate affirmative defense, to the extent that Plaintiff alleges that he requested and was denied, a reasonable accommodation, Defendant alleges that it is under no duty to accommodate Plaintiff – who was not a qualified individual with a disability or regarded as having a disability – and further Defendant was, thus,  under no duty to engage in an interactive process. In any event, the alleged reasonable accommodation of a shift exchange would impose an undue hardship on Defendant and the operation of its business. Defendant did authorize intermittent leave.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth and separate affirmative defense, Defendant alleges it has satisfied the conditions of California Labor Code Section 3706, and that, to the extent that Plaintiff's Complaint alleges injuries subject to recovery thereunder, Plaintiff's claims are barred by the exclusive remedial provisions of California Labor Code Section 3600, *et seq.*

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth and separate affirmative defense, Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, by his failure to exhaust remedies under the Memorandum of Understanding between his union and Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth and separate affirmative defense, Defendant alleges that Plaintiff is precluded from recovery of any damages under the avoidable consequences doctrine to the extent that Plaintiff unreasonably failed to use the complaint procedure or any other

- 4 -

1  preventive and corrective measures that Defendant provided to its employees to prevent

2  and correct workplace harassment, which would have prevented any alleged harm.

3  **SEVENTEENTH AFFIRMATIVE DEFENSE**

4  As a seventeenth and separate affirmative defense, Defendant asserts that

5  Plaintiff unreasonably failed to complain or otherwise report any alleged harassment or

6  other allegedly improper conduct, and Defendant actions were in accordance with its

7  policies and procedures and the applicable law.

8  **EIGHTEENTH AFFIRMATIVE DEFENSE**

9  As an eighteenth and separate affirmative defense, Defendant alleges that its

10  actions were taken as a result of the honest belief that Plaintiff misused his leave rights

11  under the Family And Medical Leave Act and/or the California Family Rights Act.

12  **NINETEENTH AFFIRMATIVE DEFENSE**

13  As a nineteenth and separate affirmative defense, Defendant asserts that any

14  alleged surveillance of Plaintiff was conducted in the course and scope of Plaintiff's

15  employment, was supported by an articulable suspicion, was for the lawful purpose of

16  obtaining evidence of Plaintiff's suspected fraudulent conduct, and was consistent with

17  the provisions of Cal. Civil Code §1708.8(g).

18  **TWENTIETH AFFIRMATIVE DEFENSE**

19  As a twentieth and separate affirmative defense, Defendant alleges that Plaintiff's

20  Complaint, and the purported causes of action thereof, are barred to the extent that

21  Plaintiff failed to file a government tort claim as required by the California Government

22  Code and/or failed to alleged compliance with government tort claim procedures.

23  Government Code § 905 et seq.

24  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

25  As a twenty-first and separate affirmative defense, Plaintiff's causes of action are

26  barred to the extent each relies upon conduct for which Defendant has immunity

27  pursuant to California Government Code §§815, et seq. and under applicable federal law

28  governing immunity from suits brought pursuant to 42 U.S.C.§§ 1981, et seq.

- 5 -

<u>TWENTY- SECOND AFFIRMATIVE DEFENSE</u>

As a twenty-second and separate affirmative defense, Plaintiff's cause of action for violation of civil rights is barred as Plaintiff was given a full hearing and an opportunity to be heard prior to his termination, and was otherwise allowed to exercise complete substantive and procedural due process.

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by this action;

2.    That judgment be entered in Defendant's favor;

3.    That Defendant recovers its costs and attorneys' fees in this proceeding; and

4.    That the Court grant such other relief as it deems appropriate.

DATED: June _6_, 2008                     HANSON BRIDGETT LLP


By: _____
DIANE MARIE O'MALLEY
JAHMAL T. DAVIS
Attorneys for Defendant
GOLDEN GATE BRIDGE HIGHWAY
AND TRANSPORTATION DISTRICT

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
UNVERIFIED COMPLAINT

1485032.1

**PROOF OF SERVICE**

I, Adiam Gebremicael, declare that I am a resident of the State of California.  I am over the age of 18 years and not a party to the action entitled *Alarid v. Golden Gate Bridge Highway and Transportation District, et al., San Francisco Superior Court, Case #CGC-08-473761*; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105.  On June 6, 2008, I served a true and accurate copy of the document(s) entitled:

**DEFENDANT GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION DISTRICT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

David M. Poore, Esq.
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954

☒    (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service.  Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor., San Francisco, CA 94105.  The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

☐    (By Overnight Federal Express pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with instructions to our Mailroom that the packages were to be picked up by Federal Express for overnight delivery.

☐    (By Express Mail pursuant to Code of Civil Procedure section 1013.)  I deposited each sealed envelope, with the postage prepaid, to be delivered via <u>UPS</u> to the party(ies) so designated on the service list.

☐    (By Telecopy Fax pursuant to Code of Civil Procedures section 1013.)  I am readily familiar with Hanson Bridgett's practice for processing of documents via Telefax.  Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful.

- 1 -

1
☐   **(BY E-MAIL)** I am readily familiar with Hanson Bridgett's practice for processing of
2   documents via electronic mail (E-Mail). Following these ordinary business practices,
   I personally e-mailed a copy of each document to each of the parties listed on the
3   above-referenced service list by sending the documents directly to them at their e-
   mail addresses listed above.
4

5      I declare under penalty of perjury under the laws of the State of California that the above
   is true and correct and was executed on June 6, 2008 in San Francisco, California.
6

7

8                        A. Adiam Gebremicael

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

PROOF OF SERVICE RE GGB ANSWER TO COMPLAINT         1485066.1

**Exhibit D**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David M. Poore, Esq., SBN 192541<br>Kahn Brown & Poore LLP<br>755 Baywood Drive, Suite 185<br>Suite 185<br>Petaluma, California 94954<br>TELEPHONE NO.: (707) 763-7100   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff DOUGLAS ALARID | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>MAR 2 8 2008<br><br>GORDON PARK-LI, Clerk<br>BY: _____<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, California<br>BRANCH NAME: | |

| CASE NAME: Alarid v. Golden Gate Bridge Highway and Transportation District, et al | |
|---|---|

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: CGC-08-473761 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 12 (Violations of FMLA, Medical Condition/Disability Association Discrimination, Harassment, Retaliation, Medical Leave Discrimination, etc.

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 28, 2008

David M. Poore, Esq., SBN 192541
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Legal Solutions Plus

CASE NUMBER: CGC-08-4′′′761  DOUGLAS ALARID VS. GOLDEN GATE BRIDGE HIGHWAY

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:      AUG-29-2008

TIME:      9:00AM

PLACE:    Department 212
               400 McAllister Street
               San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**Alternative Dispute Resolution (ADR)
Program Information Package**

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California
County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
### Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.


## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 provides **three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant |  |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

- ☐ Private Mediation      ☐ Mediation Services of BASF      ☐ Judicial Mediation
- ☐ Binding arbitration                                                   Judge _____
- ☐ Non-binding judicial arbitration                            Judge _____
- ☐ BASF Early Settlement Program
- ☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06                    STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

    ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

**Exhibit 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS ALARID,

         Plaintiff (s),

      v.

GOLDEN GATE BRIDGE HIGHWAY
AND TRANSPORTATION DISTRICT,
         Defendant(s).

No. **C 08-02845 EMC**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**



E-filing ORIGINAL
FILED
JUN 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

      IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/6/2008 | Notice of removal filed | |
| 8/20/2008 | Last day to: | |
| | • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

9/3/2008      Last day to   > Rule 26(f) Report, complete initial          FRCivP 26(a) (1)
              disclosures or state objection in Rule 26(f) Report and file   Civil  L.R . 16-9
              Case Management Statement per attached Standing Order
              re Contents of Joint Case Management Statement (also
              available at  http://www.cand.uscourts.gov)

9/10/2008     INITIAL CASE MANAGEMENT CONFERENCE               Civil  L.R.  16-10
              (CMC)  in Courtroom C,15th Floor,SF at 1:30 PM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(8/9/07)

The parties shall follow the General Orders of the Court for the Northern District of
California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly
modified herein. Failure to comply with any of the rules and orders may be deemed sufficient
grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate
sanctions. The rules and orders are supplemented and modified as follows:

**A.     STANDING ORDER RE MOTIONS AND CONFERENCES**

1.      Criminal Law and Motion is heard on Wednesdays at 9:30 a.m.  Civil Law and
Motion is heard on Wednesdays at 10:30 a.m.  Counsel need not reserve a hearing date in
advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.      Case Management Conferences are heard on Wednesdays at 1:30 p.m.  Pretrial
Conferences are heard on Wednesdays at 3:00 p.m.

3.      In cases that are randomly assigned to Judge Chen for all purposes, the parties are
requested to file their written consent to the assignment of a U.S. Magistrate Judge for all
purposes, or their written declination of consent, as soon as possible.

4.      All scheduling questions should be addressed to Judge Chen's courtroom deputy,
Betty Fong, at (415) 522-2034.

5.      Law and motion matters may be submitted without argument upon stipulation of
the parties and notification of the Court no later than two (2) court days before the hearing.

6.      **In all "E-Filing" cases, when filing papers that require the Court to take any
action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in
addition to filing papers electronically, lodge with chambers a printed copy of the papers
on three-hole punch paper (including all exhibits) by the close of the next court day
following the day the papers are filed electronically.  These printed copies shall be marked
"EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly
marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing
Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's**

Office that has already been filed electronically.  A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed.  With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

7.    The Court can no longer supply a court reporter.  If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.

### B.    STANDING ORDER RE DISCOVERY DISPUTES

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

8.    Discovery motions may be addressed to the Court in three ways.  A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2.  Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief.  In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b).  In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).  The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate.  A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers.  The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

9.    Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3.  The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a).  Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

10.    Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.

### PRODUCTION OF DOCUMENTS

11.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.    In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.    Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14.    To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15.    As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16.    Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17.    Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

18.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

19.    Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.
copy.

_____
Edward M. Chen
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE

TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court

for the Northern District of California, this case has been randomly assigned to Magistrate Judge

EDWARD M. CHEN

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate

judge may conduct all proceedings in the case. Attached is a form to complete if you consent to

proceed before the assigned magistrate judge and a form to complete if you decline to proceed

before the assigned magistrate judge. Electronic versions of both forms are also available at the

Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to

withhold consent without adverse consequences. If a party declines to consent, the case will be

randomly reassigned to a district judge and a case management conference will be scheduled on

the district judge's calendar as close as possible to the date presently scheduled before the

magistrate judge.

You must file your consent or declination by the deadline for filing the initial case

management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon

all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____                    _____
                                            Signature

                                            _____
                                            Counsel for
                                            (Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

v.

Defendant(s).

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated:

Signature

Counsel for
(Plaintiff, Defendant, or indicate "pro se")

CV 08     2845

EMC
ADR
E-filing

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges].**

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ].**

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov,** please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
### 415.522.2000
**www.cand.uscourts.gov**

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.   Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.   There are no filing fees once a case has been opened.

12.   New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.   Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.   Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.   A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.   The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.   Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

### SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

### OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| San Francisco | 4th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## DROP BOX FILING PROCEDURES

1.      The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays.  Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.      The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days.  All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.      Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**.  Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public.  The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday.  In those instances, the "Filed" date will be the first court day following the weekend or holiday.  Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.      After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience.  *To facilitate processing of your documents, each original document should be submitted on top of its copies.*  Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.**  You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.      If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage.  Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY: (NAME, FIRM)** ."  Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.      A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount.  *Please do not enclose cash.*

7.      Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate.  Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

Print Date: April 2008

United States District Court

450 Golden Gate Avenue    San Francisco    California    94102

Phone: 415-522-2000

Fax: 415-522-3605

# United States District Court

## Northern District of California

# Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California

# Table of Contents

A Message from the Chief Judge of the
U.S. District Court. .......................................................... 4

How Consent Jurisdiction Works ........................................ 6

Potential Benefits of Consenting To Magistrate Judge
Jurisdiction. .................................................................... 7

Magistrate Judge Brazil ..................................................... 9

Magistrate Judge Chen. ..................................................... 10

Magistrate Judge James. .................................................... 11

Magistrate Judge Laporte ................................................... 12

Magistrate Judge Larson. .................................................... 13

Magistrate Judge Lloyd. ..................................................... 14

Magistrate Judge Seeborg. ................................................. 15

Magistrate Judge Spero ...................................................... 16

Magistrate Judge Trumbull ................................................. 17

Magistrate Judge Vadas ...................................................... 18

Magistrate Judge Zimmerman ............................................ 19

# A Message from the Chief Judge of the U.S. District Court

As you embark on civil litigation in the United States District Court for the Northern District of California—whether as a party to a lawsuit or as an attorney—I encourage you to familiarize yourself with the range of services provided by the court's magistrate judges and especially to consider consenting to have a magistrate judge handle all aspects of your case, up to and including dispositive motions, jury or court trial and the entry of judgment.

The Northern District is one of the few federal trial courts in the country to assign a wide range of civil cases directly to magistrate judges upon filing. As a consequence, the magistrate judges have direct experience with nearly all types of civil matters filed in our court. Because our court is very busy, agreeing to proceed before a magistrate judge often means that the case will be resolved more quickly than if the case remained before a district judge. While consent is customarily given soon after a case is filed, parties may consent to have a magistrate judge preside over their case at any point in the proceedings.

Every magistrate judge in the Northern District underwent a highly competitive selection process and had years of litigation experience before being appointed to the bench. As the biographies that follow demonstrate, each is active in law school teaching and continuing legal education for attorneys. Many have been appointed to important committees within the federal courts.

Most have completed at least one term as a magistrate judge and have been reappointed based on detailed, confidential feedback from the bar establishing satisfaction with their work—including their work on dispositive motions and trials. Combined, the Northern District's magistrate judges bring a total of 125 years of federal judicial experience to their work at our court. Each is equipped to handle the full range of issues presented to our court.

Vaughn R Walker
Chief Judge

4

5

# HOW CONSENT JURISDICTION WORKS

Since 1979, the parties in a civil action have had the option of consenting to have all aspects of their case, including trial, handled by a United States magistrate judge.[1] The Northern District of California has been one of the leaders nationwide in implementing this process. When a civil action is filed in this District, ordinarily it will be randomly assigned for all purposes to "her a district judge or a magistrate judge.[2] By local practice, a magistrate judge is assigned a civil caseload approximately 30% that of a district judge's civil caseload, in recognition of a magistrate judge's other duties, such as presiding over settlement conferences. Each magistrate judge typically has about 100 consent cases. In 2007, the magistrate judges completed handling almost 800 civil cases in which they had exercised consent jurisdiction.

When a case is initially assigned to a magistrate judge, the plaintiff is given a form to use to either consent to or decline magistrate judge jurisdiction.[3] Plaintiff is also required to serve that form on each defendant. Each party should make a decision regarding magistrate judge jurisdiction as soon as possible, and in any event prior to the case management conference which is generally held about 100 days after the case is filed. Civil L.R. 73-1.

If all parties consent to magistrate jurisdiction, then the magistrate judge to whom the case is assigned will preside over all aspects of the case, through trial. F.R.Civ.P. 73(b). An appeal from the magistrate judge's rulings is made to the appropriate appellate court exactly as if the rulings were from a district judge. F.R.Civ.P. 73(c).

A civil case initially assigned to a district judge may also be reassigned to a magistrate judge if all parties consent to magistrate judge jurisdiction. The parties should expect the district judge to ask at the case management conference whether they have considered consenting to a magistrate judge jurisdiction.

Each magistrate judge has an assigned courtroom designed to accommodate civil jury trials. Each magistrate judge has at least one law clerk. Many have a second law clerk in lieu of a secretary.

Magistrate judges are fully integrated into the court's administration, serving on all court committees and chairing some of them.

# POTENTIAL BENEFITS OF CONSENTING TO MAGISTRATE JUDGE JURISDICTION

This District has always recruited experienced trial attorneys of the highest caliber who undergo a merit selection process before being appointed as a magistrate judge. Because of their diverse experiences while in practice and while presiding over civil matters including trials, this District's magistrate judges are able to preside over all types of civil litigation. The biographies of the current magistrate judges are set forth below.

Parties that consent to have their case tried before a magistrate judge will receive a date certain for trial. The right to a speedy trial in felony criminal matters requires district judges to give statutory priority to trying those cases, which can sometimes require that civil trial dates be moved. Unlike district judges, magistrate judges do not preside over felony criminal matters.

The historical experience in this District has been that our magistrate judges have virtually always met their scheduled trial dates. Because magistrate judges' trial dockets are generally less crowded than those of district court judges, they are often able to schedule a trial within a year of the filing of the complaint.

## ENDNOTES

1) Federal Magistrate Act of 1979, 28 U.S.C § 636(c)(1). See also F.R.Civ.P. 73(b).

2) District Judges, sometimes called Article III Judges, are appointed by the President, confirmed with the advice and consent of the Senate and hold their position for life. Magistrate Judges are appointed by the District Judges of each district following a merit selection process and serve for a period of eight years, subject to reappointment.

3) If the case has been removed from state court, the form is given to the removing party, who is required to serve it on all other parties.

# WAYNE D. BRAZIL



M agistrate Judge Wayne Brazil was appointed in 1984. He has been the Northern District's ADR Magistrate Judge since the late 1980's. He has presided over jury and court trials in a wide range of civil and criminal cases, including patent, trade secrets, trademark, commercial contract, civil rights, employment, personal injury, maritime, and tax. He has hosted more than 1,500 settlement conferences and published opinions in intellectual property, insurance, civil rights, maritime law, privileges, work product, civil discovery, and case management.

After receiving a B.A. from Stanford, Judge Brazil got his Ph.D. and M.A. from Harvard and his J.D. from Boalt Hall. He practiced civil litigation at Farella, Braun & Martel from 1975-1977. He then became a law professor at the University of California, Hastings College of the Law and at the University of Missouri. He taught civil procedure, constitutional law, criminal procedure, and civil rights from 1978 to 1984. He has authored books on the use of special masters in complex litigation and on settling civil suits, some 30 articles in legal periodicals, and the chapters on Rules 16 and 37 of the Federal Rules of Civil Procedure in Moore's Federal Practice, 3d Ed. He has served on the committees on Civil Rules and Evidence of the Judicial Conference of the United States and on the Ninth Circuit's ADR Committee.

## EDWARD M. CHEN

**M**agistrate Judge Edward M. Chen was appointed in 2001. He has presided over civil and criminal bench and jury trials, as well as hosted more than 500 settlement conferences. A 1975 Order of the Coif graduate of the University of California Boalt Hall School of Law, he clerked for the Honorable Charles B. Renfrew in the Northern District of California and then worked for the Honorable James R. Browning in the Ninth Circuit Court of Appeals.

Judge Chen worked as a litigation associate at Coblentz, Cahen, McCabe & Breyer, and then as staff counsel of the ACLU Foundation of Northern California. He served as an officer of the California Asian American Judges Association, and as a Master of the Edward J. McFetridge American Inn of Courts. Chief Judge Schroeder of the Ninth Circuit appointed him to the Ninth Circuit Task Force on Self-Represented Litigants, and then as the chair of the Ninth Circuit Implementation Committee on Self-Represented Litigants. He was also appointed chair of the Federal Courts Committee on the California Commission on Access to Justice. He has published cases on discovery, privileges, civil procedure, civil and constitutional rights, international human rights, and criminal procedure. He has also published articles in the California Law Review, Asian Law Journal, George Mason Law Review, and Hastings Communications and Entertainment Law Journal. He has given presentations on such subjects as electronic discovery, patent litigation, employment law, civil rights, national security and constitutional rights, discrimination, case management, alternative dispute resolution, and Asian American legal history. He has taught and lectured on mediation and case management in India and Malaysia. In 2007, he was voted Judge of the Year by the Barristers Club of San Francisco.

10

## MARIA-ELENA JAMES



**M**agistrate Judge Maria-Elena James was appointed in 1994. She has presided over numerous cases and conducted thousands of settlement conferences. Outside the courtroom, she teaches a number of classes at three Bay Area law schools: University of California Hastings, University of San Francisco, and Golden Gate University. She also co-created a course called *The Roles of Referees and Commissioners* and taught the course, along with another course, at the California Judicial Education and Research College.

A 1978 graduate of the University of San Francisco Law School, she served as director of the Small Claims Court Education Project in the Consumer Fraud Unit of the San Francisco District Attorney's Office. She went on to serve as a deputy public defender in San Francisco, staff attorney for the National Labor Relations Board, and Deputy City Attorney as well as supervising attorney in San Francisco. She then served as a Commissioner in the San Francisco Superior Court for six years. She volunteers as a mock trial judge for all grades of students and serves as a mentor to law students. Her speaking engagements include a 2006 panel on Comparative Racial Justice at the University of Paris, Nanterre and the Assemblee Nationale.

11

## ELIZABETH D. LAPORTE

Magistrate Judge Elizabeth Laporte was appointed in 1998. She has presided over numerous civil cases through trial or other disposition, including patent, trademark, copyright, employment, civil rights and environmental cases. She also has conducted over 1000 settlement conferences, handled criminal matters, and resolved discovery disputes.

A 1982 graduate of Yale Law School and a Marshall Scholar, with an M.A. in Politics and Economics from Oxford, she clerked for the Honorable Marilyn Hall Patel in the Northern District of California. She was a partner at the boutique litigation firm of Turner & Brorby, and an Administrative Law Judge for the California Department of Insurance. In 1996, she began serving as Chief of Special Litigation for the San Francisco City Attorney's Office, and was named a Lawyer of the Year by *California Lawyer*. She has authored articles on patent litigation and settlement in the *Northern California ABTL [Association of Business Trial Lawyers] Report*, and has written on e-discovery. She regularly speaks on patent litigation, settlement, e-discovery, jury trials, and other topics. She is a past chair of the Magistrate Judge Executive Board of the Ninth Circuit, and a current member of the Jury Trial Improvement Committee of the Ninth Circuit Court of Appeals, the Sedona Conference Working Group on Electronic Document Retention and Production, the Executive Committee of the Litigation Section of the Bar Association of San Francisco, and the Board of Governors for the Northern California Chapter of the Association of Business Trial Lawyers.

## JAMES LARSON



Magistrate Judge James Larson was appointed in 1997. He was appointed Chief Magistrate Judge in 2005 for a four year term. He has presided over criminal and civil cases, handled discovery and conducted settlement conferences in a variety of subject areas, including intellectual property, antitrust, contracts, civil rights, employment, environmental, class actions and other statutory liability. He has conducted more than 1,000 mediations and settlement conferences.

He received his undergraduate degree from Stanford University in 1965 and his J.D. from U.C.L.A. law school in 1968, where he was selected for the Moot Court Honors Program. Thereafter he worked in a number of small firms in Los Angeles and the Bay Area, handling admiralty, personal injury, civil rights and criminal matters before founding the law firm of Larson and Weinberg in San Francisco, where he remained until 1990. He then formed his own firm and worked on civil, criminal, trial and appellate cases. He has taught civil trials and criminal pre-trial procedure and has participated for many years in the Intensive Trial Advocacy Program at Cardozo Law School in New York.

Judge Larson has chaired or served on numerous court committees and has appeared on panels of judges and attorneys discussing e-discovery issues, settlement techniques, punitive damages, and bad faith litigation. In December, 2007, he and several other members of the court conducted a comprehensive mediation training program for the High Court Judges of Malaysia.

## HOWARD R. LLOYD



**M**agistrate Judge Howard R. Lloyd was appointed in 2002. He has presided over a variety of civil and criminal trials and has extensive discovery as well as case-dispositive law and motion experience. He has presided over hundreds of settlement conferences in a wide variety of civil cases.

Judge Lloyd earned his undergraduate degree at the College of William and Mary, graduating Phi Beta Kappa, and his law degree from the University of Michigan Law School. He then worked as a civil trial and appellate lawyer for 30 years with a prominent San Jose law firm and personally tried many cases and argued dozens of appeals. He practiced in all areas, but especially employment, intellectual property, and commercial law.

He then worked for 2 years as an independent and full time arbitrator and mediator. While in private practice Judge Lloyd was selected for voluntary service as an Early Neutral Evaluator (N.D. CA), mediator (California Court of Appeals), and Settlement Judge Pro Tem (Santa Clara County Superior Court). He is a frequent presenter at continuing education courses for attorneys and currently teaches at Santa Clara University Law School.

14

## RICHARD SEEBORG



**M**agistrate Judge Richard Seeborg was appointed in 2001. Since joining the Court, he has presided over numerous bench and jury trials and has conducted hundreds of settlement conferences on all manner of federal civil cases. Judge Seeborg received his B.A., *summa cum laude*, Phi Beta Kappa, from Yale College in 1978. He then went to Columbia University School of Law in 1981, where he was a Harlan Fiske Stone Scholar. Following graduation from law school he served as a law clerk to the Honorable Judge John H. Pratt, district court judge in Washington, D.C. In 1982, he joined Morrison & Foerster's San Francisco office in the litigation department, becoming a partner in 1987.

From 1991 to 1998, Judge Seeborg served as an Assistant U.S. Attorney for the Northern District of California in San Jose. In that capacity, he acted as lead prosecutor on a wide range of matters including complex white collar criminal cases. He re-joined Morrison & Foerster in March 1998, where he resumed a litigation practice in the fields of securities, intellectual property, and general commercial matters.

Judge Seeborg has been a member of the Adjunct Faculty at Santa Clara University School of Law where he has served as co-instructor for a course on Federal Criminal Litigation and has served as co-chair of the Federal Courts Committee of the Santa Clara County Bar Association and as a member of the Executive Committee of Magistrate Judges for the Ninth Circuit. At present, he is a member of the Working Group on Electronic Public Access for the United States Courts and a member the Ninth Circuit Jury Instructions Committee. He is a co-author of Federal Pretrial Civil Procedure in California, a four-volume treatise published by Lexis Nexis.

15

## JOSEPH C. SPERO



**M**agistrate Judge Joseph C. Spero was appointed in 1999. He has presided over criminal and civil trials in a variety of subject areas, including patent, employment, civil rights, commercial contract, trademark, and federal misdemeanor cases. He has participated in over 1000 settlement conferences. He serves as chairman of the court's Capital Habeas Committee, and as a member of the court's Technology and Practice Committees.

A 1981 graduate of Columbia University School of Law, he clerked for the United States Court of Appeals for the Ninth Circuit. He worked as an associate at Skadden, Arps, Slate, Meagher & Flom, and as associate then partner at Coblentz, Cahen, McCabe & Breyer (now Coblentz, Patch, Duffy & Bass). While in private practice, he trained as a mediator at Harvard Law School and served as a mediator in the Northern District's Alternative Dispute Resolution Program. He also served as a Judge Pro-Tem for the San Francisco County Superior Court. He served as pro bono counsel in a variety of cases, including federal capital habeas matters. As a result, he received the Thurgood Marshall Award from the Bar Association of the City of New York.

16

## PATRICIA V. TRUMBULL

**M**agistrate Judge Patricia V. Trumbull was appointed in 1987. She served as Chief Magistrate Judge from 2001 to 2005. She has presided over numerous civil and criminal trials and thousands of settlement conferences.

Judge Trumbull received her undergraduate degree from University of California Davis and her law degree, at the Georgetown University Law Center in Washington, D.C. While at Georgetown, she interned at the Department of Justice. After graduating, she spent two years as a law clerk to the Honorable Spencer Williams of the U.S. District Court of Northern California. Following the clerkship, she worked for 12 years as an Assistant Federal Public Defender. She has served on numerous court committees and participated in many panel discussions on a variety of litigation issues.

17

## NANDOR J. VADAS



**M**agistrate Judge Nandor J. Vadas, a part-time magistrate judge in Eureka, California was appointed in 2004. Although he maintains his chambers in Eureka, he frequently sits in San Francisco. As a magistrate judge he has presided over issues involving civil rights, employment discrimination, Indian law, Endangered Species Act violations, as well as criminal and civil settlement conferences.

Judge Vadas received his undergraduate degree at the University of California at Santa Cruz in 1974 and his law degree from the University of California, Hastings College of the Law in 1978. Following law school he was a state and federal prosecutor for twenty-one years, where he gained criminal jury trial and appellate experience. He also spent five years in family law and juvenile dependency. He also has experience as an instructor at College of the Redwoods Police Academy.

He is a member of the Magistrate Judges' Advisory Committee to the Federal Judicial Conferences.

18

## BERNARD ZIMMERMAN

**M**agistrate Judge Bernard Zimmerman was appointed in 1995. With party consent, he has presided over a wide range of civil cases, including patent, trademark and copyright cases, class actions, contract and employment cases and civil rights, personal injury and admiralty cases. He has presided over more than 30 civil and criminal jury and bench trials and more than 1,000 settlement conferences. He chairs the court's Technology Committee and serves on the Media and Education Committees.

A 1970 graduate of the University of Chicago Law School, he clerked for the Honorable Frederick J.R. Heebe in the Eastern District of Louisiana and then taught law at the Louisiana State University Law Center. Returning to California, he was an associate and then partner at Pillsbury Madison & Sutro where he had a general litigation practice focusing on media, banking, construction, insurance and business issues. In 1995, he served as Legal Consultant to the Third Constitutional Convention of the Commonwealth of the Northern Mariana Islands. For the past two years, he has taught Federal Pretrial Litigation at Hastings College of the Law. He is a master of the Intellectual Property Inn of Court and has participated in numerous panels addressing issues such as ADR, class actions and discovery.

19