1  HANSON BRIDGETT LLP
   DIANE MARIE O'MALLEY - 139166
2  domalley@hansonbridgett.com
   JAHMAL T. DAVIS - 191504
3  jdavis@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, CA 94105
   Telephone:   (415) 777-3200
5  Facsimile:   (415) 541-9366

6  Attorneys for Defendant
   GOLDEN GATE BRIDGE, HIGHWAY AND
7  TRANSPORTATION DISTRICT

8  KAHN BROWN & POORE LLP
   DAVID M. POORE, ESQ.
9  dpoore@kahnbrownlaw.com
   755 Baywood Drive, Suite 185
10 Petaluma, California 94954
   Telephone:   (707) 763-7100
11 Facsimile:   (707) 763-7180

12 Attorney for Plaintiff
   DOUGLAS ALARID
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco)

| DOUGLAS ALARID, | No. CV-08-02845-WHA |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| GOLDEN GATE BRIDGE HIGHWAY AND TRANSPORTATION DISTRICT; MICHAEL LOCATI; DAVID RIVERA; KAY WITT, and DOES 1 through 50, inclusive, | Date: September 10, 2008<br>Time: 11:00 a.m.<br>Courtroom: 9, 19th Floor<br>Judge: Honorable William H. Alsup<br>Action Filed: March 28, 2008<br>Action Removed: June 6, 2008 |
| Defendants. | |

Pursuant to Civil L.R. 16-9(a), the parties to the above-entitled action certify that they met and conferred prior to the case management conference scheduled in this case and jointly submit this Case Management Statement.

1. <u>Jurisdiction and Service</u>:

This case was initially filed in San Francisco County Superior Court on March 28, 2008 (*San Francisco County Superior Court, Case No. CGC-08-473761*). Defendant removed the action on June 6, 2008 due to the federal claims alleged in the Complaint; specifically 26 U.S.C. §§ 2601; 29 U.S.C. § 215 and 42 U.S.C. §§ 1981, 1983, 1985.

Defendant Golden Gate Bridge Highway and Transportation District has been served in this action.

2. <u>Disputed Factual Issues</u>:

**Plaintiffs:** Plaintiff identifies the following disputed factual issues: (1) did defendants fail to promote plaintiff to the position of Bridge Sergeant based upon impermissible standards; (2) did plaintiff file internal complaints of discrimination, harassment, or retaliation; (3) did defendants retaliate against plaintiff based upon his workplace complaints; (3) did defendants fail to reasonably investigate plaintiff's workplace complaints; (4) did defendants interfere, restraint, discriminate, harass, or retaliate against plaintiff based his protected family-medical leave; (5) did defendants target plaintiff's employment based upon his protected status; (6) did defendant District have a pattern, practice, or custom of interfering, restraining, or denying protected family-medical leave; (7) did defendants discriminate, retaliate, or harass plaintiff based upon his national origin and race; (8) did plaintiff request reasonable accommodations and did defendants fail to engage in the good faith interactive process, including denying requests for accommodation to care for his elderly, ill mother; and (9) did defendants violate plaintiff's right to privacy by engaging in outside surveillance activities. Plaintiff reserves the right to supplement this list as discovery progresses.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

- 2 -

1 **Defendant:** The District hired Plaintiff in November 2002 as a Bridge Patrol Officer.[1] The District terminated Plaintiff's employment on March 30, 2006, for the stated reason of Plaintiff's abuse of his Family Medical Leave Act ("FMLA") leave. There is little to no dispute over the factual issues surrounding his termination – Plaintiff's request for FMLA leave, Plaintiff's work schedule and Plaintiff's other/outside employment at Camp Parks.

Disputes exist over the following: In the course of his employment, Plaintiff applied for and did not get a promotion to Sergeant. The District contends that Plaintiff was not qualified for the position.

The District contends that Plaintiff did not make internal complaints and that Plaintiff was not placed on an "improper 'sick leave'" disciplinary program.

The remaining "issues" raised in the Complaint involve legal conclusions and allegations that are not necessarily "factual" but which Defendant denies. (Such as the allegations in Paragraph 25 of the Complaint.) Defendant disputes all allegations of alleged disparate treatment, retaliation and harassment regarding Plaintiff's FMLA usage and expects to probe the facts and basis for Plaintiff's belief through discovery).

3. <u>Legal Issues Raised by Plaintiff:</u>

Plaintiff identifies the following legal issues at this stage of the proceedings: (1) did defendants violate the FMLA and/or CFRA pertaining to plaintiff's protected family medical leave; (2) did defendants discriminate, harass, and retaliate against plaintiff for associating with his family member that has a protected disability and medical condition; (3) did defendants retaliate against plaintiff for making internal complaints of discrimination, harassment, or interference; (4) did defendant District fail to reasonably investigate plaintiff's workplace

---

[1] The District determined that it needed additional Bridge security in the wake of security concerns raised in the aftermath of 9/11. To that end, it created the classification of Bridge Patrol Officer. Bridge Patrol Officers are armed with .40 caliber side arms, shotguns and AR-15 automatic rifles. Officers respond to security incidents, motor vehicle accidents and suicide attempts. The Officers work unsupervised for long hours at security posts. Patrol Officers work 12-hour shifts (6:00 a.m. and 6:00 p.m. or 6:00 p.m. and 6:00 a.m.), three days one week and four days the next week. One group of Patrol Officers works Sunday, Monday, Tuesday and every other Wednesday and the other group works every other Wednesday, Thursday, Friday and Saturday.

complaints and prevent the discrimination from continuing; (5) did defendants violate the federal and state civil rights laws; (6) did defendant District have a pattern, practice, custom, or policy of violating the FMLA, CFRA, and/or the United States and California Constitutions; (7) did defendant District violate the California Labor Code and the Fair Labor Standards Act ("FLSA"); and (8) did defendants violate California Civil Code Section 1708.8.  Plaintiff reserves the right to supplement this list as discovery progresses.

4.   Motions:

Defendant anticipates filing a motion for summary judgment.  Plaintiff anticipates filing a motion for partial summary judgment.

5.   Amendment of Pleadings:

None are anticipated.

6.   Evidence Preservation:

Both parties have met and conferred and confirmed the preservation of all electronic and other evidence.

7.   Disclosures:

The parties will shortly be exchanging Initial Disclosure documents and are filing herewith the Rule 26(f) Report.  The parties are disclosing persons with knowledge of the claims and relevant documents supporting claims and defenses.

8.   Discovery:

No discovery has occurred to date.  Plaintiff expects to conduct discovery pursuant to the Federal Rules of Civil Procedure.  Plaintiff anticipates conducting written discovery first, including subpoenaed records, followed by deposition discovery of fact witnesses.  Plaintiff then anticipates conducting expert discovery, including depositions.  The parties do not anticipate that this will be an expert intensive case.

Defendant initially will seek the deposition of Plaintiff, Plaintiff's spouse and Plaintiff's co-workers and/or supervisors at Camp Parks.  Defendant will propound Interrogatories and Requests for Admissions and documents.  Defendant anticipates further discovery once it becomes aware of the full breadth of Plaintiff's claims.  At this time, Defendant anticipates

utilizing an expert on damages and will conduct depositions of any experts identified by Plaintiff.

9. Class Actions:

Not applicable.

10. Related Cases:

There are no related pending cases or proceedings.

11. Relief Sought By Plaintiff:

Plaintiff's complaint seeks compensatory damages (general and special damages), prejudgment interest, attorney's fees and costs, statutory penalties, and punitive damages against the individual defendants. Plaintiff further seeks equitable and/or injunctive relief, including backpay for violations of the California Constitution. Plaintiff will supplement this list as discovery progresses.

Relief Sought By Defendants:

Dismissal of the Complaint.

12. Settlement and ADR:

The parties have agreed to Early Neutral Evaluation.

13. Consent to Magistrate Judge For All Purposes:

Defendants do not consent to have a Magistrate Judge conduct all further proceedings.

14. Other References:

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues:

The parties have not yet been able to agree on issues that can be narrowed for trial. However, both parties remain open, and will endeavor during the course of discovery to identify any such issues or facts that can be narrowed.

16. Expedited Schedule:

This is not the type of case that can be handled on an expedited basis.

17. Scheduling:

Defendant is not available for trial on the following dates: May - July 2009.

1 | Plaintiff is not available for trial on the following dates: January 2009- July 2009

2 | Based on the foregoing, the parties propose the following trial schedule:

3 | Expert Designation Deadline: August 2009

4 | Discovery Cutoff: July 2009

5 | Deadline to Hear Dispositive Motions: September 2009

6 | Expert Discovery Cutoff: September 2009

7 | Pre-Trial Conference: Within the time set by the Court

8 | Trial Date: November/December 2009

9 | 18. <u>Trial</u>:

10 | The case will be tried to a jury. The expected length of trial is 7-10 days.

11 | 19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

12 | The Parties are not aware of any non-party interested entities or persons.

13 | 20. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.</u>

DATED: September 3, 2008               HANSON BRIDGETT LLP

By: /s/ Diane Marie O'Malley
DIANE MARIE O'MALLEY
JAHMAL T. DAVIS
Attorneys for Defendant
GOLDEN GATE BRIDGE, HIGHWAY AND
TRANSPORTATION DISTRICT

DATED: September 3, 2008               KAHN BROWN & POORE LLP

By: /s/ David M. Poore
DAVID M. POORE
Attorneys for Plaintiff
DOUGLAS ALARID